[No. D008552. Fourth Dist., Div. One. Mar. 13, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
RAFAEL VELASQUEZ MAGANA, Defendant and Appellant.

**COUNSEL**

Jeffrey J. Stuetz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Robert M. Foster and Janelle B. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BENKE, J.—Appellant Rafael Velasquez Magana was charged in count one of an information with possession of heroin for sale (Health & Saf. Code,[1] § 11351), in count two with possession of cocaine for sale (§ 11351) and in count three with possession of cocaine and heroin (§ 11350, subd. (a)). Convicted on all three counts, appellant was sentenced to the upper term of four years on count one and to a concurrent four-year term on count two. The upper term of three years was imposed as to count three but stayed pursuant to Penal Code section 654.

Appellant contends he could not lawfully be convicted of the crime of possession in count three since that crime is a necessarily lesser included offense of that charged in counts one and two, the trial court erred in instructing that an extrajudicial confession should be viewed with caution and the court erred in instructing that, in the context of evaluating circumstantial evidence as between a reasonable interpretation of the evidence and an unreasonable one, it was the duty of the jury to accept the reasonable interpretation.

## I

### FACTS

### A.  *Prosecution Case*

On April 10, 1988, at approximately 8:45 a.m. Deputy Sheriff Robert Luke approached appellant and three other men who were standing on a street in Solana Beach. As he did so he noticed a white bindle about eight to ten inches from appellant's feet. Opening the bindle, the deputy found heroin. Appellant was searched. Two clear plastic baggies containing cocaine and a bindle containing heroin were discovered in his right front pocket. In another pocket the deputies found more cocaine. Appellant also had three $20 bills in his possession. None of the other men were found to possess drugs.

---

[1] All statutory references are to the Health and Safety Code unless otherwise specified.

Appellant waived his rights and was asked what the substances were. Appellant stated heroin and cocaine. When asked where he got the contraband, appellant replied he got it from a man in a blue Mustang. Appellant stated he paid $140 for the drugs.

An expert on the sale of drugs concluded that based on the facts of the case, the manner in which the drugs were packaged, the amount of drugs found and the absence of tools for using the drugs, the contraband found on or near appellant was being held for sale. The expert testified it was possible the entire amount of drugs found on or near appellant could have been purchased for $140.

### B.  Defense Case

Appellant testified in his own behalf and stated he bought the drugs the day of his arrest for $140. Appellant paid with two $100 bills and received as change the three $20 bills found on his person. Appellant also testified the bindle of heroin found on the ground was not his. Appellant stated the drugs were for personal use and would last six days.

## II

### DISCUSSION

### A.  Lesser Included Offense

█  Appellant argues his conviction for simple possession of a controlled substance as charged in count three should be reversed. He contends simple possession is a necessarily lesser included offense of possession for sale. Since appellant was convicted of possession for sale based on possession of the same contraband supporting the conviction for simple possession, the conviction for the lesser offense must be reversed. (See *People* v. *Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763].)

The Attorney General suggests reversal is not necessary since conviction for the offense of simple possession could have been based on possession of some of the contraband while conviction of possession for sale could have been based on the possession of the remaining drugs.

While perhaps theoretically true, a serious defect in the People's argument is that the jury was never alerted to the possibility of such a subtle division of the contraband. Consequently we can only presume the convictions for possession for sale and the conviction for simple possession were based on the same evidence.

The conviction for simple possession (count three) is reversed.

B. *Instruction on Circumstantial Evidence*

█ Appellant argues the trial court's instructions on the use of circumstantial evidence were fundamentally flawed and requires reversal of his possession for sale convictions.

Appellant notes the trial court instructed the jury concerning circumstantial evidence in the terms of CALJIC Nos. 2.00 (direct and circumstantial evidence—inferences), 2.01 (sufficiency of circumstantial evidence—generally) and 2.02 (sufficiency of circumstantial evidence to prove specific intent). CALJIC No. 2.00 explains that circumstantial evidence is evidence that "if found to be true, proves a fact from which an inference of the existence of another fact may be drawn." An inference in turn is described as "a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence."

CALJIC No. 2.01, an instruction generally considered favorable to the defense,[2] tells the jury they may not base a finding of guilt on circumstantial evidence "unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion."

After telling the jury that each fact necessary to complete a set of circumstances necessary to establish guilt must be proved beyond a reasonable doubt, the instruction states that if the circumstantial evidence is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is the jury's duty to adopt that interpretation which points to the defendant's innocence.

It is with the following concluding paragraph that appellant takes issue: "If, on the other hand, one interpretation of such evidence appears to you to be reasonable and the other interpretation to be unreasonable, it would be your duty to accept the reasonable interpretation and reject the unreasonable."

---

[2] A split of authority exists concerning the need for and indeed wisdom of giving an expansive circumstantial evidence instruction like that required in California. A large number of jurisdictions have adopted the rule that a special instruction on circumstantial evidence is not required when the jury is properly instructed on the reasonable doubt standard. (See Annot. (1985) 36 A.L.R.4th 1046, 1051-1052, 1059-1063.) Indeed, several courts, including the United States Supreme Court in *Holland* v. *United States* (1954) 348 U.S. 121, 139-140 [99 L.Ed. 150,166-167 75 S.Ct. 127], have concluded expansive instructions on circumstantial evidence are confusing. (See 36 Annot. (1985) A.L.R.4th 1046, 1051-1058, 1059-1063.)

Appellant argues this paragraph negates the presumption of innocence since it allows the jury to convict merely by finding the defense theory of the case to be unreasonable. (CALJIC No. 2.02 dealing with circumstantial evidence of specific intent contains the same paragraph.) Appellant argues that merely because an explanation is unreasonable does not mean it is untrue. Since that is the case, the instruction may compel the jury to reject a defense theory which is unreasonable but yet is true.

We disagree. The correctness of jury instructions is determined from the entire charge of the court and not from a consideration of parts of an instruction or from a particular instruction. (*People v. Burgener* (1986) 41 Cal.3d 505, 538 [224 Cal.Rptr. 112, 714 P.2d 1251].) The concepts conveyed by the cited instructions, and indeed the whole area of presumption of innocence, are not given to precise definition and are unavoidably ambiguous. In toto, however, the instructions make clear that circumstantial evidence may prove guilt only if it "cannot be reconciled with any other rational conclusion." The words "reasonable" and "rational" in this context can only be read in conjunction with the instruction on reasonable doubt (CALJIC No. 2.90). That instruction tells the jurors that if they harbor a reasonable doubt concerning guilt, they are required to acquit. The jury is told reasonable doubt is not mere possible doubt because everything in human affairs is open to some doubt. Reasonable doubt is, rather, that state of the case where the consideration of all evidence leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge.

In light of language in the instruction on reasonable doubt and presumption of innocence, the only reasonable reading of CALJIC Nos. 2.01 and 2.02 is that a reasonable or rational interpretation of circumstantial evidence, favorable to the defense, is one that is sufficiently credible and has such a probability of truth that the jurors cannot beyond a reasonable doubt reject it. The paragraph criticized by appellant, therefore, does not tell the jury to reject interpretations of circumstantial evidence favorable to the defense simply because they are unusual or bizarre, it merely tells them to reject interpretations of circumstantial evidence that are so incredible or so devoid of logic that they can, beyond a reasonable doubt, be rejected. While the concept may be complex, we do not believe a reasonable juror viewing the instructions as a whole could interpret the instruction in any other way.

C. *Instruction on Confession*

■ Appellant argues that under the facts of this case, it was federal constitutional error to inform the jury it should view an extrajudicial confession with caution.

The trial court instructed the jury in the terms of CALJIC No. 2.70. The instruction tells the jury a confession is a statement made by the defendant other than at trial in which he has acknowledged his guilt of the crimes for which he is on trial. It explains the jury is the exclusive judge of whether a confession was made and if so whether the statement was true. The instruction ends with the caveat "Evidence of an oral confession of the defendant should be viewed with caution."

Appellant notes that in this case he confessed to the possession of heroin and cocaine at the time of his arrest. He observes that rather than claiming the confession false, he testified at trial his confession was truthful but that he did not possess the drugs for sale. Appellant argues he was prejudiced therefore because the jury was told to view with caution evidence, i.e., his extrajudicial confession which supported his defense.

No one in this case was arguing the extrajudicial confession should be disbelieved. The confession was an important component of both the prosecution and defense cases. The confession and its truthfulness were a given from which the parties proceeded to contest the true issue in the case— whether appellant possessed the contraband with the intent to sell. The instruction could not have harmed appellant.

The judgment as to counts one and two is affirmed, reversed as to count three.

Kremer, P. J., and Huffman, J., concurred.