Filed 3/14/14  In re Jake R. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Jake R., a Person Coming Under the Juvenile Court Law. | |
| | D063933 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM233094) |
| v. | |
| JAKE R., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Affirmed as modified.

Cynthia A. Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court sustained a petition alleging that Jake R. possessed marijuana for sale (count 1), resisted a police officer (count 2), possessed less than 28.5 grams of marijuana (count 3) and possessed paraphernalia designed for smoking a controlled substance while under the age of 18 (count 4). Jake was adjudged a ward of the court and placed with his mother with various probation conditions, including that he not use or possess alcohol or controlled substances without a valid prescription.

Jake appeals, contending the true finding on count 3 must be vacated because it is a lesser included offense of count 1. He also asserts the probation condition requiring that he not use or possess alcohol or controlled substances without a valid prescription is unconstitutionally vague and should be modified to include an actual knowledge requirement. The Attorney General concedes both arguments. We accept the Attorney General's concessions. Accordingly, we vacate the true finding on count 3 and modify the probation condition to include an actual knowledge requirement. As so modified, the judgment is affirmed.

## DISCUSSION

### I. *Lesser Included Offense*

Jake contends the true finding on count 3 (possessing less than 28.5 grams of marijuana) must be vacated because it is a lesser included offense of count 1 (possessing marijuana for sale). The Attorney General concedes the argument. Multiple convictions may not be based on necessarily included offenses. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) "[O]ne cannot possess narcotics with intent to sell without first being in

2

actual or constructive possession." (*People v. Saldana* (1984) 157 Cal.App.3d 443, 456-457; accord, *People v. Oldham* (2000) 81 Cal.App.4th 1, 16; *People v. Magana* (1990) 218 Cal.App.3d 951, 954.) Accordingly, we vacate the true finding on count 3 as it is a lesser included offense of count 1.

## II. *Probation Condition*

Jake contends that probation condition number 28 in the social study, and imposed by the juvenile court, is unconstitutionally vague because he could unknowingly violate it. The Attorney General agrees that the probation condition should be changed to include an actual knowledge requirement.

The probation condition states that Jake "shall not use or possess alcohol, a controlled substance, or any substance the minor knows or reasonably should know is a mind altering substance without a valid prescription and shall submit to testing for the detection of alcohol, controlled substances, or mind altering substances whenever directed by any law enforcement or Probation Officer." At the time the conditions of probation were imposed, minor's counsel did not object to the probation condition at issue in this appeal. Generally, any objection to the reasonableness of a probation condition is forfeited if not raised at the time of imposition. (*In re Sheena K.* (2007) 40 Cal.4th 875, 883 & fn. 4 (*Sheena K.*) Nonetheless, a constitutional challenge to a probation condition may be raised for the first time on appeal when it presents a pure question of law resolvable without reference to the record developed during trial. (*Id.* at pp. 887-889.)

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Probation conditions that fail to include language requiring the probationer's knowing violation of the condition have been invalidated in a number of contexts. (E.g., *People v. Freitas* (2009) 179 Cal.App.4th 747, 751-752 [possessing stolen property, or possessing firearms or ammunition]; *In re Vincent G.* (2008) 162 Cal.App.4th 238, 245, 247-248 [possessing, wearing or displaying gang-affiliated material].) Accordingly, we modify the probation condition at issue to read: "The minor shall not *knowingly* use or possess. . . ."

## DISPOSITION

The true finding on count 3 is vacated. The probation condition at issue in this appeal shall be modified to read: "The minor shall not *knowingly* use or possess . . . ." As so modified, the order is affirmed.

McINTYRE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


AARON, J.

4