[Crim. No. 38428. Second Dist., Div. Five. June 24, 1981.]

In re RAYMOND B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND B., Defendant and Appellant.

COUNSEL

Brian D. Ghiglia, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., and Donald E. De Nicola, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ASHBY, J.**—On a petition under Welfare and Institutions Code section 602, the Kern County Juvenile Court found that appellant committed burglary. The matter was transferred to Los Angeles County for disposition. In another petition filed in Los Angeles County, appellant was charged with seven counts of burglary and one count of grand theft. Appellant admitted the allegations of count VIII (burglary) and counts I through VII were dismissed. On disposition of both petitions, appellant was ordered into a camp community placement not to exceed three years.

██ Appellant first contends that the court failed to make the required findings for removing a minor from the physical custody of a parent or guardian. (Cal. Rules of Court, rule 1372(b); Welf. & Inst. Code, § 726; *In re B. G.* (1974) 11 Cal.3d 679, 683 [114 Cal.Rptr. 444, 523 P.2d 244].) This argument is without merit because appellant was not in the physical custody of his parents or a guardian; his mother was institutionalized and his father had disappeared two years earlier. Appellant was already a dependent child of the court, living in a foster home. Appellant's foster parent did not have the fundamental interest in appellant's custody that a parent or guardian would have. (See *In re B. G., supra*, 11 Cal.3d at pp. 688, 696-700; Health & Saf. Code, § 1530.6; Prob. Code, §§ 2351-2353.)

██ Appellant next contends that the court erroneously considered the dismissed burglaries in determining its disposition. This argument lacks merit. Appellant had admitted to the probation officer and described in detail committing the other offenses. The burglaries had become so numerous that appellant had begun to think of burglary as

easy and, in a way, fun. He had become sophisticated in his methods and was the leader of the group of four which was committing the burglaries. He did not think he would get caught. The probation officer observed no remorse in appellant and no interest in making restitution to the victims. His earnings were being used for a car and motorcycle.

Assuming that the trial court took into account appellant's string of burglaries in determining that camp community placement was the proper disposition, the court acted entirely properly in doing so. The court was required to consider the probation officer's report and appellant's entire social history. (Welf. & Inst. Code, § 706; *In re Todd L.* (1980) 113 Cal.App.3d 14, 20 [169 Cal.Rptr. 625].) This case is not like *People* v. *Harvey* (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696, 602 P.2d 396], cited by appellant. In *Harvey* the defendant pleaded guilty to two counts of robbery in exchange for dismissal of a third unrelated robbery. The trial court, however, sentenced the defendant to an *upper prison term* based upon the facts of the dismissed count. Here, on the other hand, appellant's maximum period of possible confinement was governed by the two counts which were found true, not the dismissed counts. In light of appellant's history, the court had virtually no choice but to remove him from his existing placement.

■ Finally, appellant contends the court erred in its order concerning restitution. The court ordered that appellant make three-fourths reparation "on all related losses." While appellant was in the camp program, such restitution was not to exceed two-thirds of his camp earnings. Appellant contends he should not be required to make restitution to the victims of the dismissed burglaries.

One of the purposes of a juvenile disposition is to impose on the minor a sense of responsibility for his own acts (Welf. & Inst. Code, § 202, subd. (a)), and the court may require the minor to go to work and make reparation. (Welf. & Inst. Code, § 730.) Here each of the charged burglaries was fully admitted by appellant to the probation officer. They all occurred between August 1979 and January 1980. The trial court could reasonably conclude that the burglaries were related and were committed with the same criminal intent. Appellant was not exonerated of the other crimes, as if they had been fully tried and he had been acquitted. Appellant had shown no remorse and showed no interest in making restitution although he was earning money as a dishwasher. He was planning on spending that money on a motorcycle. Under all the circumstances, we conclude that the requirements of *Peo-*

*ple* v. *Lent* (1975) 15 Cal.3d 481, 487 [124 Cal.Rptr. 905, 541 P.2d 545], and *People* v. *Richards* (1976) 17 Cal.3d 614, 619-624 [131 Cal.Rptr. 537, 552 P.2d 97], were satisfied and that the condition for restitution was reasonable.

The judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.