[No. C058834. Third Dist. Apr. 30, 2009.]

In re T.C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
T.C., Defendant and Appellant.

COUNSEL

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Michael A. Canzoneri and A. Kay Lauterbach, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SIMS, J.—In this case arising under Welfare and Institutions Code section 602,[1] the parties dispute whether the juvenile court lawfully ordered as a probation condition that appellant, T.C., pay victim restitution on a count of the petition that had been dismissed. Appellant contends the restitution order was invalid because appellant had not entered a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396], allowing the court to consider the circumstances of the dismissed count in ordering restitution. For reasons that follow, we conclude a *Harvey* waiver was not required. We shall therefore affirm the order for restitution.

PROCEDURAL BACKGROUND

On November 22, 2006, the district attorney filed a wardship petition against T.C. in Yolo County.

As pertinent, Count Five alleged that on or about May 16, 2006, in Yolo County, appellant violated section 10851, subdivision (a), of the Vehicle Code in that appellant did willfully and unlawfully drive and take a vehicle, to wit, a Maxima from Fairfield Nissan.

As pertinent, Count Eight alleged that on or about April 17, 2006, to May 9, 2006, in Sacramento and Yolo Counties, appellant violated section 10851, subdivision (a), of the Vehicle Code in that appellant did willfully and unlawfully drive and take a vehicle, to wit, a Dodge Charger.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

Section 602, subdivision (a), states, "any person who is under the age of 18 years when he or she violates any law of this state . . . is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

A probation report indicated the Dodge Charger in Count Eight was stolen from a Swift Dodge dealership.

The probation report said appellant and others were apprehended fleeing the scene of the theft of the Nissan Maxima on May 16, 2006. Appellant admitted to police being involved in the theft of the Nissan Maxima and admitted having possessed a stolen Dodge Charger that was recently recovered by Sacramento police.

The probation report also recited that appellant was already a ward of the court for prior offenses of receiving stolen property, related to vehicle theft and driving without a license. He was the subject of five prior juvenile wardship petitions for automobile theft and related offenses, filed between March 2004 and July 2006. The probation report said, "It is obvious the subject does not abide by the conditions of probation . . . ." The report recommended that appellant be continued a ward of the court, committed to Juvenile Hall for 60 days, and that previous conditions of probation remain in effect.

On August 13, 2007, pursuant to a plea agreement, appellant admitted Count Five (theft of the Nissan Maxima). Before accepting appellant's admission to Count Five, the Yolo County court stated: "There may be restitution. If you enter this admission, you would be obligated to pay restitution, any damages or loss that the victim incurred. You would have to pay what loss they incurred, if there was an agreement, and if there isn't, whether or not that is the right number, [there would be] an evidentiary hearing [and] [t]he amount would have to be determined." Appellant said he understood. Appellant then admitted the Count Five offense. The court said, "Then I would dismiss all other counts outright, although they may be considered for purposes of disposition."

Because appellant lives in Sacramento and had other matters pending there, the case was transferred to Sacramento County for final disposition.

On September 13, 2007, the Sacramento County Juvenile Court vacated all previous dispositional orders, continued appellant as a ward of the Juvenile Court of Sacramento County, and set forth conditions of probation, including payment of restitution in an amount to be determined by the court.

At a contested hearing to determine the amount of restitution, appellant's counsel argued that "there being no *Harvey* waiver, the restitution on Count 5 should not be ordered."

At the restitution hearing, much was made of *People v. Harvey, supra,* 25 Cal.3d 754, which held in the context of an adult defendant that, in the absence of an agreement to the contrary, an implicit part of a plea bargain is the understanding that the accused will suffer no adverse sentencing consequence by reason of the facts underlying, and solely pertaining to, dismissed counts (unless they are transactionally related to the admitted charge). (*Id.* at pp. 757–759.)

At the contested restitution hearing, the parties agreed (and the Sacramento County Juvenile Court found) no *Harvey* waivers had been entered.

The court considered whether to order the minor to pay restitution to two claimants—the Nissan dealer that was the victim in Count Five (the admitted offense) and Swift Dodge, the alleged victim in Count Eight, which was dismissed. Appellant objected to restitution on the dismissed count, on the ground there had been no admission or adjudication, hence no victim. The deputy district attorney, representing the Department of Health and Human Services, argued appellant had a "pattern of behavior" of prior vehicle theft violations and should be held accountable for that pattern of behavior.

On March 19, 2008, the court issued an order on contested restitution, ordering appellant (and his parents by joint and several liability) to pay restitution to Fairfield Nissan in the amount of $8,819.83 relating to the theft of the Nissan Maxima (Count Five), and $6,890 to Swift Dodge relating to the theft of the Dodge Charger in the dismissed Count Eight (which was recovered but was damaged). The restitutionary orders were conditions of probation. The order acknowledged Count Eight was "dismissed outright, i.e., without a so-called 'Harvey waiver.' " The order said, "The issue presented for resolution here is whether the court, in the absence of a Harvey waiver, can lawfully order the minor to pay restitution to the alleged victim named in one of the dismissed auto theft counts, specifically Swift Dodge, the owner of a stolen Dodge Charger. The court concludes that it can make such a restitution order, even in the absence of a so-called Harvey waiver. That is because the rule announced by the court in People v. Harvey is inapplicable in juvenile court. *In re Jimmy P.* (1996) 50 Cal.App.4th 1679, 1683 [58 Cal.Rptr.2d 632].[2] Thus, a 'Harvey waiver' is not required when using dismissed allegations in determining an appropriate juvenile disposition. (*Id.* at p. 1681.)

---

[2] *In re Jimmy P., supra,* 50 Cal.App.4th 1679, involved questions of placement, not probation conditions.

"In addition to the foregoing, and after a full review of relevant documents contained in the court file, including documentary evidence contained in the Yolo County file, the court finds that the theft of the Charger is transactionally related to the admitted offense herein so as to justify a restitution order with regard to the taking of that vehicle, notwithstanding the fact that, as noted, the charge relating to the theft of the Charger was dismissed. *In re Gary B.* (1998) 61 Cal.App.4th 844, 851 [71 Cal.Rptr.2d 824]. See also, . . . section 730 subdivision (b)[3] which gives juvenile courts broad powers to order probation conditions to enhance the reformation and rehabilitation of a ward, including ordering victim restitution if such a condition is reasonably related to the minor's conduct and furthers the goal of deterring future criminality."

## DISCUSSION

### I. *Standard of Review*

"Generally, an order of restitution will not be overturned in the absence of an abuse of discretion. [Citation.] The court abuses its discretion when it acts contrary to law [citation] or fails to 'use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious' [citation]." (*In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1016 [67 Cal.Rptr.3d 734] [juvenile court erred by ordering restitution for medical expenses in excess of actual amount expended or incurred].)

### II. *Analysis*

Appellant contends the juvenile court erred in ordering restitution to Swift Dodge on Count Eight, which had been dismissed "outright," in the absence of a *Harvey* waiver.

We note that the juvenile court said, "I would dismiss all other counts outright *although they may be considered for purposes of disposition.*" (Italics

---

[3] Section 730, subdivision (b), states, "When a ward described in subdivision (a) [a minor adjudged a ward under section 602] is placed under the supervision of the probation officer or committed to the care, custody, and control of the probation officer, the court may make any and all reasonable orders for the conduct of the ward including the requirement that the ward go to work and earn money for the support of his or her dependents or to effect reparation and in either case that the ward keep an account of his or her earnings and report the same to the probation officer and apply these earnings as directed by the court. The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."

added.) For reasons that follow, we hold that the juvenile court did not err in ordering restitution on the dismissed count.

"In 1982, by initiative measure, the voters passed Proposition 8 giving all crime victims the constitutional right to receive restitution from the offender who was convicted of committing a crime against them. (Cal. Const., art. I, § 28, subd. (b).)[4] The Legislature implemented this section by amending the restitution statutes applicable to adult offenders (*People v. Birkett* (1999) 21 Cal.4th 226, 234–246 [87 Cal.Rptr.2d 205, 980 P.2d 912] (*Birkett*)) and section 730.6, which is the parallel provision applicable to juvenile offenders. (*Birkett, supra*, at p. 240, fn. 15.)

"Section 730.6, subdivision (a)(1) declares that '[i]t is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs any economic loss as a result of the minor's conduct shall receive restitution directly from that minor.' " (*In re Anthony M., supra*, 156 Cal.App.4th at p. 1016.)

If section 730.6 were the exclusive authority for the restitution order at issue, we would conclude the order was invalid. This is because subdivision (a)(1) of section 730.6 requires restitution for "economic loss as a result of the minor's conduct . . . ." However, the reference to "the minor's conduct" refers to the precedent phrase defining the conduct: "conduct *for which a minor is found to be a person described in Section 602* . . . ." (*Ibid.*, italics added.) Thus, subdivision (a)(1) of section 730.6 mandates that a minor must pay restitution where conduct for which the minor is declared a ward of the court under section 602 results in economic loss to the victim. Here, the minor was not "found to be a person described in [s]ection 602" with respect to Count Eight. Rather, Count Eight was dismissed.

But we do not think that section 730.6, which was enacted to implement Proposition 8 (Victim's Bill of Rights), displaced the well-recognized authority of a juvenile court to impose "any and all reasonable

---

[4] "The constitutional provision states, '[i]t is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary. The Legislature shall adopt provisions to implement this section during the calendar year following adoption of this section.' (Cal. Const., art. I, § 28, subd. (b).)"

conditions [of probation] that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced" pursuant to section 730, subdivision (b). (See fn. 3, *ante*.) Nothing in the language of section 730.6 compels that conclusion. And, as we shall explain, numerous cases, including those of the California Supreme Court, have held that a court may order restitution, as a condition of probation, even where no conviction has occurred. It would be anomalous to conclude that a statute which was designed to implement the mother of all victims' rights initiatives would be construed to *limit* victims' rights. So we conclude that section 730.6 specifies when restitution *must* be imposed. Section 730 states when restitution *may be* imposed as a condition of probation. In other words, as this court said recently in a different statutory context, section 730.6 "serve[s] as a floor, not a ceiling, for juvenile probation conditions. [Citations.]" (*In re Walter P.* (2009) 170 Cal.App.4th 95, 99 [87 Cal.Rptr.3d 668].)

"The juvenile court has wide discretion to select appropriate conditions [of probation] and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 [55 Cal.Rptr.3d 716, 153 P.3d 282].) In determining how best to rehabilitate a minor, the juvenile court should consider the broadest range of information. (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329 [117 Cal.Rptr.2d 899].) Consistent with section 730, the juvenile court "enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile. [Citation.] That discretion will not be disturbed in the absence of manifest abuse. [Citation.]" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5 [63 Cal.Rptr.2d 701].)

■ In *People v. Lent* (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545], the California Supreme Court upheld an order to pay (as a probation condition) victim restitution for funds allegedly taken in a related criminal charge of which the defendant was acquitted. (*Id.* at p. 483.) *Lent* said, "a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Id.* at p. 486.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, *and* (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*Ibid.*, italics added.) "This test is conjunctive—all three prongs must be satisfied before a review-

ing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379–380 [87 Cal.Rptr.3d 199, 198 P.3d 1].)

Despite the acquittal in *Lent, supra*, 15 Cal.3d 481, there was no question as to the relationship of the total sum of restitution orders to the crime of which the defendant was convicted, because the victim had lost a total of $1,778 to which she was entitled; the trial court was convinced the defendant was responsible for the loss; and the crime of which the defendant was convicted involved the theft of some of those funds. (*Ibid.*)

Restitution for dismissed counts was upheld in *In re Raymond B.* (1981) 121 Cal.App.3d 785 [175 Cal.Rptr. 359], which followed *Lent* to hold the juvenile court did not err in ordering victim "reparation" for dismissed burglaries as "related losses" to one admitted burglary. "One of the purposes of a juvenile disposition is to impose on the minor a sense of responsibility for his own acts (. . . § 202, subd. (a)), and the court may require the minor to go to work and make reparation. (. . . § 730.) Here each of the charged burglaries was fully admitted by appellant to the probation officer. They all occurred between August 1979 and January 1980. The trial court could reasonably conclude that the burglaries were related and were committed with the same criminal intent. Appellant was not exonerated of the other crimes, as if they had been fully tried and he had been acquitted. Appellant had shown no remorse and showed no interest in making restitution although he was earning money as a dishwasher. He was planning on spending that money on a motorcycle. Under all the circumstances, we conclude that the requirements of [*Lent*] and *People v. Richards* (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97], were satisfied and that the condition for restitution was reasonable." (*Raymond B., supra*, 121 Cal.App.3d at pp. 789–790.)

■ *Lent* was reaffirmed in *People v. Carbajal* (1995) 10 Cal.4th 1114 [43 Cal.Rptr.2d 681, 899 P.2d 67]. *Carbajal* held in a case where a defendant pled no contest to "hit-and-run" that it was within the trial court's discretion to condition probation on payment of restitution to the owner of property damaged in the accident from which the defendant unlawfully fled. Citing *Lent* but not *Harvey, Carbajal* said, "We determined that an order for restitution, which attempts to make a victim whole, 'has generally been deemed a deterrent to future criminality,' and concluded the court is not limited to the transactions or amounts of which the defendant is actually

convicted." (*Carbajal, supra*, 10 Cal.4th at p. 1123.) In addition to finding the restitution was related to the crime of leaving the scene of the accident (the regulatory purpose of which was to provide others with information needed to pursue civil remedies for damages), the Supreme Court also concluded restitution was related to the goal of deterring future criminality in that it acted "both as a deterrent to future attempts to evade his legal and financial duties as a motorist and as a rehabilitative measure tailored to correct the behavior leading to his conviction." (*Id.* at p. 1124.) There was no question as to the defendant's responsibility for the loss, since he conceded he committed a negligent act of driving that caused damage to the victim's parked car. (*Ibid.*)

*Carbajal* was applied in a juvenile case in *In re I. M.* (2005) 125 Cal.App.4th 1195 [23 Cal.Rptr.3d 375]. There the court upheld an order of the juvenile court that required a minor, who was convicted of being an accessory after the fact to murder, to pay the funeral expenses of the murder victim. (*Id.* at pp. 1208–1211.) Although the *I. M.* court cited section 730.6 in a footnote (125 Cal.App.4th at p. 1208, fn. 4), its analysis was based on analogies to Penal Code section 1203.1, concerning general conditions of adult probation, and on the opinion of our Supreme Court in *People v. Carbajal, supra*, 10 Cal.4th 1114, also construing Penal Code section 1203.1 (probation conditions) and Penal Code section 1202.4 (restitution). (*In re I. M., supra*, 125 Cal.App.4th at pp. 1209–1210.)

We agree with *I. M.* that *Carbajal* applies in juvenile cases. Additionally, we cited *Lent* in *In re Vincent G.* (2008) 162 Cal.App.4th 238, 247 [75 Cal.Rptr.3d 526], where we said in dictum that a gang-related probation condition (restricting travel in vehicles without adult supervision) was proper even though it had no relationship to the offense for which the minor was adjudicated under section 602, i.e., possession of marijuana for sale in a school classroom. (162 Cal.App.4th at p. 247.) We said: " '[A] condition of probation which requires or forbids conduct which is not in itself criminal, and is for that reason most vulnerable to challenge, is nonetheless valid if the conduct required or forbidden either (a) has a relationship to the crime of which the offender was convicted, or (b) is reasonably related to future criminality.' (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942 [260 Cal.Rptr. 62], citing *People v. Lent, supra*, 15 Cal.3d at p. 486.) [¶] Although gang condition 6 has no relationship to the marijuana offense that occurred in a school classroom, it is reasonably related to future gang-related criminality." (*Vincent G., supra*, 162 Cal.App.4th at p. 247.)

■ Here, the probation condition (restitution order) was reasonably related to future criminality. Thus, although appellant did not admit *theft* of the Dodge, he did admit to police that he *possessed* the stolen Dodge, as stated in

the probation report relating the police report. Appellant objected on hearsay grounds, but the juvenile court observed the rules are relaxed in the context of restitution. Hearsay evidence is admissible at the dispositional phase of a juvenile delinquency case. (*Vincent G., supra*, 162 Cal.App.4th 238, 243–244, citing § 706 [court shall consider probation officer's social study in making disposition].)

Additionally, appellant was charged with both possession of the stolen Dodge and stealing the Dodge. He admitted to the court the theft of the Nissan, and the record shows that when he stole the Nissan, he was on probation for receiving stolen property related to vehicle theft. Given that appellant continued to involve himself in vehicle theft while he was on probation for offenses related to vehicle theft, the restitution order was reasonable to deter future criminality.[5]

The restitution order also comports with the policies of juvenile court law. "[R]estitution may serve a rehabilitative function consistent with the purposes of Juvenile Court Law. . . . [A]lthough restitution serves the obvious function of compensating the victims of crime, it also impresses upon the offender the gravity of the harm he has inflicted upon another, and provides an opportunity to make amends. . . . '. . . It offers the individual something within reason that he can do here and now, within the limits of his ability, to demonstrate to *himself* that he is changing.' " (*Charles S. v. Superior Court* (1982) 32 Cal.3d 741, 747–748 [187 Cal.Rptr. 144, 653 P.2d 648].)

We recognize *In re Maxwell C.* (1984) 159 Cal.App.3d 263 [205 Cal.Rptr. 310], held that receipt of a stereo stolen from a car did not justify ordering the minor to pay restitution for damage done to the car during the theft. Similarly, *People v. Scroggins* (1987) 191 Cal.App.3d 502 [236 Cal.Rptr. 569], held a guilty plea to receipt of stolen property did not justify a probation condition to pay restitution for the burglaries, for which he was never charged or found to be criminally responsible. (*Id.* at p. 506.) However, these holdings were based in part on a principle, later disapproved in *Carbajal*, that restitution for a dismissed count is not justified if the state of mind for the dismissed count differs from the state of mind for the admitted count. (*Carbajal, supra*, 10 Cal.4th at p. 1126; *Maxwell, supra*, 159 Cal.App.3d at pp. 265–266, citing *People v. Richards* (1976) 17 Cal.3d 614 [131 Cal.Rptr. 537, 552 P.2d 97].)

---

[5] Given this conclusion, we have no need to determine whether the theft of the Dodge was transactionally related to the theft of the Nissan, as the juvenile court found.

*In re Maxwell C., supra,* 159 Cal.App.3d 263, also expressed due process concerns that restitution not be ordered for offenses which had not even been charged and where there was no evidence in the record from which the court could rationally conclude the probationer was responsible for other losses ordered paid. (*Id.* at p. 266.) Here, as indicated, appellant was charged with both theft and possession of the stolen Dodge, and the record indicates appellant admitted to police that he had possession of the stolen Dodge.

■  Because controlling authority (which we have discussed above) does not require a conviction (or adjudication of responsibility in juvenile court) before a court can order restitution to the victim of a crime as a condition of probation, no *Harvey* waiver was required in this case. Put differently, appellant had no right to keep the juvenile court from considering the theft of the Dodge and from making reasonable orders of probation in light of that information. "In juvenile wardship cases such as this, we conclude the *Harvey* rule is inapplicable. That rule is based upon the reasonable expectations of a defendant who enters into a negotiated plea whereby charges are dismissed. (*People* v. *Franco* (1986) 181 Cal.App.3d 342, 349 [226 Cal.Rptr. 280].) As one court put it, 'The trial court cannot with one hand give a benefit and with the other take it away.' (*People* v. *Klaess* (1982) 129 Cal.App.3d 820, 823 [181 Cal.Rptr. 355].) But the *Harvey* opinion also makes it clear that the rule must yield when its application would prevent a court from considering all of the factors necessary to make an informed disposition of the admitted charge or charges. (*Harvey, supra,* 25 Cal.3d at p. 758; *People* v. *Franco, supra,* 181 Cal.App.3d at p. 350; *People* v. *Klaess, supra,* 129 Cal.App.3d at p. 823.)" (*In re Jimmy P., supra,* 50 Cal.App.4th at p. 1683.) Such is the case here.

■  We note that Penal Code section 1192.3, subdivision (b), requires a *Harvey* waiver before restitution can be ordered on some counts dismissed pursuant to a plea bargain.[6] However, "[i]t is established that the differing needs and characteristics of adult offenders and juveniles justify the maintenance of a separate and different system of justice for each of the two classes." (*In re R. C.* (1974) 39 Cal.App.3d 887, 894 [114 Cal.Rptr. 735].)

---

[6] Penal Code section 1192.3 provides: "(a) A plea of guilty or nolo contendere to an accusatory pleading charging a public offense, other than a felony specified in Section 1192.5 or 1192.7, which public offense did not result in damage for which restitution may be ordered, made on the condition that charges be dismissed for one or more public offenses arising from the same or related course of conduct by the defendant which did result in damage for which restitution may be ordered, may specify the payment of restitution by the defendant as a condition of the plea or any probation granted pursuant thereto, so long as the plea is freely and voluntarily made, there is factual basis for the plea, and the plea and all conditions are approved by the court. [¶] (b) *If restitution is imposed which is attributable to a count dismissed pursuant to a plea bargain, as described in this section, the court shall obtain a waiver pursuant to People v. Harvey (1979) 25 Cal. 3d 754 [159 Cal.Rptr. 696, 602 P.2d 396] from the defendant as to the dismissed count.*" (Italics added.)

Penal Code section 1192.3 applies to defendants appearing in superior court. It is a procedure that does not apply in a proceeding brought under section 602 in juvenile court. (See *In re Man J.* (1983) 149 Cal.App.3d 475, 480 [197 Cal.Rptr. 20].) Those juvenile court procedures are governed by the Welfare and Institutions Code. (*Ibid.*; § 203 ["An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding."].) Although courts sometimes consult the Penal Code for guidance in construing procedural statutes appearing in the Welfare and Institutions Code (see, e.g., *In re I. M., supra,* 125 Cal.App.4th at pp. 1209–1210; *In re Man J., supra,* 149 Cal.App.3d at p. 481), this doctrine does not sanction the wholesale importation of a procedural Penal Code statute into juvenile court proceedings.

We have not located a statute applicable to delinquency cases in juvenile court that requires a *Harvey* waiver before restitution can be ordered on dismissed counts. Nor are we aware of any other legal prohibition on doing so.

■ The juvenile court did not err in ordering appellant to pay restitution on dismissed Count Eight (to Swift Dodge), as a condition of probation pursuant to section 730, even though appellant had not entered a *Harvey* waiver.

Appellant petitions for rehearing on the ground that this court failed to address an issue in his opening brief, i.e., that the juvenile court did not honor the plea bargain, which should be specifically enforced to exclude restitution on Count Eight. However, this argument is merely a variation on appellant's *Harvey* argument because, as we stated *ante, Harvey* itself is based on enforcing implicit promises in plea bargains. Moreover, we reject appellant's view that his plea bargain constituted an agreement for *Harvey* to govern (and bar restitution on the dismissed count). Appellant notes the juvenile court waiver form mentioned *Harvey* waivers and circled "Not applicable," which, according to appellant, meant there was no *waiver* of *Harvey*, and therefore *Harvey* governs. We disagree. "Not applicable" followed the words, "Some of the charges against me have been dismissed with a Harvey Waiver. My attorney has explained a Harvey Waiver to me and I understand what it is." That this provision was "Not applicable" does not translate to a promise for *Harvey* to govern. Nor did the dismissal "outright" constitute a promise not to impose restitution, since the court expressly stated it would consider the dismissed count for disposition purposes.

## DISPOSITION

The March 19, 2008, order of restitution is affirmed.

Scotland, P. J., and Raye, J., concurred.

A petition for a rehearing was denied May 15, 2009, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied August 12, 2009, S173285. Moreno, J., and Corrigan, J., did not participate therein. Werdegar, J., was of the opinion that the petition should be granted.