Filed 8/26/13  In re M.W. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re M.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>M.W.,<br><br>        Defendant and Appellant. | C071349<br><br>(Super. Ct. No. 68026) |

Minor M.W. appeals from the juvenile court's order to pay $2,528 in victim restitution.  (Welf. & Inst. Code, § 730.6 (§ 730.6).)  Minor claims he was denied due process at the restitution hearing because the juvenile court relied solely on inadmissible hearsay evidence to find he caused the damage for which he was ordered to pay restitution.  We conclude the evidence was admissible and thus minor was not denied due process.  We affirm the order of the juvenile court.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2010, minor was adjudged a ward, placed on probation, and released to his parents. On July 28, 2011, a violation of probation petition (VOP) was filed alleging the minor impersonated a police officer on May 26, 2011, and vandalized a golf course on August 12, 2011. Minor denied these allegations.

On August 15, 2011, the People filed a new delinquency petition alleging minor impersonated an officer (Pen. Code, § 146a, subd. (b)). Appellant admitted this charge, and the VOP was dismissed on the People's motion. Minor was continued as a ward and reinstated on probation with additional conditions.

The juvenile court later held a restitution hearing to determine whether minor damaged the golf course and the amount of such damages. Over a hearsay objection, the People introduced a police report to show that minor drove "donuts" on the golf course, damaging it. The report included statements from witnesses that minor drank alcohol that night, then drove a vehicle on the golf course, causing the damage, and the minor's admission to having done so.

At the restitution hearing, minor denied admitting damaging the golf course, and denied drinking that night. His father testified and corroborated that the minor had not made admissions to the police.

The juvenile court ordered minor to pay $2,528 restitution to the owners of the golf course. This appeal followed.

## DISCUSSION

Minor's sole contention is that the juvenile court wrongly considered the police report at the restitution hearing. Minor argues that this admission rendered the proceedings fundamentally unfair, in denial of his right to due process.

Minor acknowledges we have twice ruled that hearsay evidence is admissible at the dispositional phase of a juvenile delinquency case (*In re Vincent G.* (2008) 162 Cal.App.4th 238, 244 (*Vincent G.*); *In re T.C.* (2009) 173 Cal.App.4th 837, 848

2

(*T.C.*)) but attempts to distinguish those cases, arguing that in those cases there was some relationship between the dismissed counts and the underlying conviction, thus whether the minor actually committed an uncharged count was not being established *solely* through hearsay evidence. Here, minor argues, there was no relationship between the uncharged count and the admitted count. Accordingly, he contends that when the People and trial court relied on the police report to establish causation, they violated his right to due process because they relied on only hearsay evidence to prove he had committed the criminal act for which he was now being ordered to pay restitution.

We have previously held that: "section 730.6 specifies when restitution *must* be imposed. Welfare and Institutions Code section 730 (§ 730) states when restitution *may* be imposed as a condition of probation. In other words, . . . section 730.6 'serve[s] as a floor, not a ceiling, for juvenile probation conditions.'" (*T.C., supra,* 173 Cal.App.4th at p. 845.) Accordingly, the People were not required to prove causation under section 730.6 before the juvenile court could order the minor to pay restitution as a condition of probation.

According to section 730: "The court may impose and require any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the [minor] enhanced." (§ 730, subd. (b); see also *In re Sheena K.* (2007) 40 Cal.4th 875, 889.) Thus, in determining whether and how much restitution a minor should pay as a condition of probation, the juvenile court is setting a condition of probation it has deemed appropriate under the circumstances to reform and rehabilitate the minor. The juvenile court is not determining the minor's criminal liability, as such.

Moreover, in setting the conditions of probation, it is well-established that juvenile courts "should consider the broadest range of information," including uncharged criminal acts. (*T.C., supra,* 173 Cal.App.4th at pp. 845-846.) Thus the juvenile court's consideration of a police report in setting the minor's probation conditions, including

3

restitution, was not a violation of his right to due process. (*See T.C., supra,* 173 Cal.App.4th at pp. 848-849; *In re Jeanette V.* (1998) 68 Cal.App.4th 811, 817 [due process is a flexible concept].)

## DISPOSITION

The order of the juvenile court is affirmed.


                                        DUARTE          , J.


We concur:


        NICHOLSON          , Acting P. J.


        MURRAY          , J.