Filed 9/27/13  In re D.A. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re D.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>D.A.,<br><br>        Defendant and Appellant. | C071532<br><br>(Super. Ct. No. 68386) |

Minor D.A., age 16, admitted an allegation that he had committed first degree burglary.  In exchange, a related allegation was dismissed along with an unrelated petition that alleged a different burglary and related offenses that involved different victims.  The dismissal was entered with the understanding that, if the minor "caused injury or damages to anyone, [he] will be required to pay them back and that is called restitution."  At a restitution hearing, the victims of the dismissed offenses proved losses totaling $17,772.93.  The minor was ordered to make restitution in that amount.

1

On appeal, the minor contends the restitution order must be reversed because the juvenile court failed to obtain a *Harvey* waiver for the dismissed petition.[1]  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On March 30, 2011, M.C. and M.M. lived on Terra Nova Court.  A garage door was forced open and the residence was ransacked.  Electronics, jewelry, shoes, and currency were missing.  The victims estimated their loss at $8,030.  The minor's fingerprints were found at the scene.  The victims did not seek restitution.

On May 25, 2011, E.A. and R.A. lived in a house on Kagehiro Drive.  In a burglary, a television was taken and a television stand was broken.  Jewelry, clothing, electronics, furniture, sporting equipment, and other items were taken from the residence.  The victims' total loss was $17,772.93.

On September 8, 2011, a petition was filed alleging that the minor came within the provisions of Welfare and Institutions Code section 602 in that he committed first degree burglary (Pen. Code, §§ 459, 460, subd. (a))[3] and grand theft (§ 487, subd. (a)) during the March 30, 2011, incident.

On September 22, 2011, a subsequent petition was filed alleging that the minor came within the provisions of Welfare and Institutions Code section 602 in that he committed first degree burglary (§§ 459, 460, subd. (a)), grand theft (§ 487, subd. (a)), and vandalism (§ 594, subd. (a)) during the May 25, 2011, incident.

On October 7, 2011, the minor negotiated a resolution of both petitions.  He admitted the March 30, 2011, burglary and two prior burglary adjudications from

---

[1]    *People v. Harvey* (1979) 25 Cal.3d 754.

[2]    The minor is the subject of several petitions and notices of probation violation in Alameda, San Bernardino, and San Joaquin Counties.  Our statement of facts is limited to the offenses detailed in petitions filed on September 8 and 22, 2011.

[3]    Further statutory references are to the Penal Code unless otherwise indicated.

December 2010. He also admitted that he understood that, if he "caused injury or damages to anyone, [he] will be required to pay them back and that is called restitution." The juvenile court found that the minor came within its jurisdiction and that the admitted allegations were true. The grand theft count of the September 8, 2011, petition and the entirety of the September 22, 2011, petition were dismissed.

On November 16, 2011, the juvenile court continued the minor as its ward under the usual rules of probation. He was committed to the San Joaquin County Camp for 360 days. The minor and his parents were ordered to make restitution to the victims in both petitions with the amount to be determined by the probation officer.

On December 12, 2011, E.A. and R.A. filed a restitution claim with the probation department. On February 9, 2012, probation recommended that the couple receive restitution in the amount of $17,772.93. On June 29, 2012, the juvenile court conducted a contested restitution hearing. The minor objected that "this case was dismissed at the time that [the minor] entered a plea on another case at which restitution was set at zero. [¶] The issue of . . . whether or not this case we are here now on for the purposes of restitution -- the circumstances of that dismissal would determine whether or not any claim of restitution would be valid in this case." The juvenile court overruled the minor's objection. Following testimony by the victims, the court ordered the minor to pay the sum recommended by probation.

DISCUSSION

The minor contends the restitution order must be reversed because the juvenile court failed to obtain a *Harvey* waiver for the dismissed petition. As the minor recognizes, this court rejected an identical contention in *In re T.C.* (2009) 173 Cal.App.4th 837 (*T.C.*).[4]

---

[4]     The minor's primary claim is that the plea agreement, as entered, *does not include* a *Harvey* waiver. This argument does not attack the plea and, thus, does not require a

3

In *T.C.*, this court explained: "Because controlling authority . . . does not require a conviction (or adjudication of responsibility in juvenile court) before a court can order restitution to the victim of a crime as a condition of probation, no *Harvey* waiver was required in this case. Put differently, appellant had no right to keep the juvenile court from considering the theft of the [victim's car] and from making reasonable orders of probation in light of that information. 'In juvenile wardship cases such as this, we conclude the *Harvey* rule is inapplicable. That rule is based upon the reasonable expectations of a defendant who enters into a negotiated plea whereby charges are dismissed. [Citation.] As one court put it, "The trial court cannot with one hand give a benefit and with the other take it away." [Citation.] But the *Harvey* opinion also makes it clear that the rule must yield when its application would prevent a court from considering all of the factors necessary to make an informed disposition of the admitted charge or charges. [Citations.]' [Citation.] Such is the case here." (*T.C., supra,* at p. 849; see *In re Jimmy P.* (1996) 50 Cal.App.4th 1679, 1683-1684 [same rule in context of placement decision]; Seiser & Kumli, Cal. Juvenile Courts Practice & Procedure (2013) § 3.92[3][d], p. 3-147.)

The minor claims *T.C.* is distinguishable because, in the present case, "the restitution was not imposed as a condition of probation." He argues this is so because (1) he "was not placed on probation," and (2) if he was, it was not conditioned upon restitution. We consider these points in turn.

certificate of probable cause. The minor's alternative claim is that he "could not have been aware he would be responsible for restitution" on the dismissed petition and thus should be allowed to withdraw his plea. The People respond that withdrawal is not available without a certificate of probable cause. Because the minor was made aware of his obligation, it is not necessary to consider whether he would be entitled to withdraw the plea absent the certificate.

4

The minor claims he was not on probation because he was "committed to camp, not placed immediately on probation" and ultimately he "was placed in a locked facility out of state." We disagree.

The November 16, 2011, dispositional order states, under the heading "The Court Orders," that the minor is "CONTINUED A WARD of the San Joaquin County Juvenile Court [¶] *Under the usual rules of probation*." (Italics added.) Under this same heading, the minor is directed to make restitution to the victims of both cases. Under the next heading, "COMMITMENTS," the minor is committed to the San Joaquin County Camp for 360 days. The minor does not explain why his wardship would be continued "[u]nder the usual rules of probation" if he was not, in fact, on probation. The minor's argument that the dispositional form "shows a commitment to camp, not a grant of probation," has no merit.

Documents filed subsequent to the November 16, 2011, dispositional order confirm that the minor had been placed on probation. He remained on probation on December 28, 2011, when the probation department filed a notice of violation of probation based on his poor performance at camp. He was still on probation on February 22, 2012, when the probation department filed notice of violation of probation based on his absconding from a group home. On March 20, 2012, following his admission of a violation of probation, the court reinstated the minor on probation. On July 5, 2012, following the restitution hearing, the minor's temporary placement and care remained with the probation officer. There is nothing inconsistent being placed simultaneously on probation and in a group home. (*In re Jose R.* (1982) 137 Cal.App.3d 269, 279.)

The minor appears to claim that, even if he was on probation, his probation did not include any obligation for restitution. This argument is based on a document that lists various "Current Probation Terms & Conditions" but makes "no mention of restitution." The document, of unspecified origin and evidently printed on February 21, 2012, lists the minor's "Status" as "Continued Wardship (01/03/2012)" and includes various "Current

5

Probation Terms & Conditions" that had been imposed on *January 5, 2011*. The document is consistent with the November 16, 2011, dispositional form that states the minor was "CONTINUED A WARD of the San Joaquin County Juvenile Court [¶] *Under the usual rules of probation*." (Italics added.) But because the document (printed in February 2012) predated the June 29, 2012, restitution hearing, its failure to mention restitution is unremarkable. The minor's reliance on the document is misplaced.

The minor attempts to distinguish *T.C.* based on the different language the juvenile courts had used in their respective advisements. Before accepting an admission, the *T.C.* court had advised the minor, " 'I would dismiss all other counts outright *although they may be considered for purposes of disposition*.' " (*T.C., supra,* 173 Cal.App.4th at pp. 843-844, original italics.)

In this case, the juvenile court advised the minor that he would be required to pay restitution "if [he] caused injury or damages to anyone." In context, "anyone" included the victims in the dismissed petition as well as the victims of the count the minor admitted. The minor's attempt to distinguish *T.C.* is not persuasive.

The minor's claims that "[n]othing in the court's advisement would lead a reasonable person to conclude that they might be responsible for restitution on the dismissed petition" and that the "statement does nothing to inform [him] that he would be held liable for the dismissed petition" have no merit. The court properly advised the minor that he would have to pay restitution.

It is not necessary to consider the minor's contention that the March 30, 2011, burglary and the May 25, 2011, burglary were not transactionally related. He was properly ordered to make restitution to the victims in the dismissed case.

DISPOSITION

The judgment is affirmed.


            NICHOLSON     , J.


We concur:


        BLEASE      , Acting P. J.


        HULL       , J.