Filed 12/10/13  In re R.C. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.C., a Person Coming Under the Juvenile Court Law. | H039459 (Santa Clara County Superior Ct. No. JV39123) |
| THE PEOPLE, Plaintiff and Respondent, v. R.C., Defendant and Appellant. | |

This is an appeal from the juvenile court's restitution order of February 11, 2013. Pursuant to that order, the juvenile court required R.C. and another minor to pay restitution in the amount of $19,970 to one of the victims of the burglary offenses that he, in conjunction with the other minor, committed.  The juvenile court held R.C's parents and the other minor's parents jointly and severally liable for the debt.  R.C. filed a timely notice of appeal.

We appointed counsel to represent R.C. in this court.  Counsel has briefed no issues, but requests that we review the record of the proceedings.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Counsel attests that R.C. was advised of his right to file a

supplemental brief in a timely manner. Furthermore, on July 23, 2013, we notified R.C. of his right to submit written argument on his own behalf within 30 days. R.C. has not filed a supplemental brief. We have examined the entire record in accordance with *People v. Wende*. For reasons set forth below, we agree with counsel that no arguable issue exists on appeal. Accordingly, we affirm the juvenile court's restitution order.

On May 16, 2012, the juvenile court adjudged R.C. a ward of the court, and calculated his theoretical maximum term of confinement at three years, two months. The court placed R.C on probation on various terms and conditions.[1]

Subsequently, just three months later, the Santa Clara County District Attorney filed another juvenile wardship petition in which it was alleged that R.C. and another minor had committed two residential burglaries. (Pen. Code, § 459-460, subd. (a).) On August 24, 2012, R.C. admitted that the allegations were true. The court continued R.C. on probation. However, the court set a hearing to determine the amount of restitution to be paid to the victims of the burglaries.

*The Restitution Hearing*

At the restitution hearing, Samira Sadeghi, who lived at one of the residences that R.C. admitted burglarizing, testified that jewelry was stolen from her home on August 6, 2012. Ms. Sadeghi stated that she did not have receipts from the jewelry because most of the pieces were gifts, some of which were purchased in Iran or Korea. A few of the pieces were purchased at Costco. Ms. Sadeghi fixed the value of the jewelry by either finding out from the purchasers of the pieces what they had paid for a particular piece or by conducting an Internet search for similar items.[2]

---

[1] The facts underlying this first petition are not relevant to this appeal. We note, however, that the juvenile court found that R.C. was unsuitable for the deferred entry of judgment program.

[2] A list of 18 stolen items was admitted into evidence along with two photographs of pieces similar to two of the items that R.C. stole.

At the end of the hearing, counsel for the other minor who was arrested along with R.C. argued that two 18" 22-carat gold ropes should be valued at $2400, rather than the value of $3000 that Ms. Sedeghi had placed on them, because Ms. Sedeghi had seen comparable items for sale for $1200.

Further, counsel argued that a wedding ring set that Ms. Sadeghi's husband had purchased in 2000 should be valued at $1000 based on the purchase price. Finally, counsel argued that the estimates that Ms. Sadeghi had placed on a 22-carat flat circle with carvings of ancient soldiers and an 18-carat square shape with diamonds should be rejected because they were estimates without a factual basis. R.C.'s counsel joined in these arguments; R.C's counsel stated that the estimates were unreasonable because Ms. Sadeghi had made minimal efforts to determine their value. Counsel requested a general order of restitution for those specific items.

At the end of the contested restitution hearing counsel noted that each minor had $2000 in his possession at the time of arrest. Counsel requested that the money be released to Ms. Sadeghi and applied to the restitution amount the court determined that the minors owed.

In a lengthy written order the juvenile court accepted Ms. Sadeghi's valuation of the pieces of jewelry, finding that she was a credible witness and that her opinions were made only after she had conducted research; thus, her opinions were "educated estimates" of the replacement cost of her stolen jewelry and she used a "rational method" of establishing the amount of restitution owed. Further, the court found that Ms. Sedeghi had not overestimated the value of the jewelry; rather it appeared that she had "rounded down." The court stated that where Ms. Sadeghi's research had indicated a sale price, she was entitled to ask for the nonsale price since she did not then have the money to take advantage of the sale price, and there was no guarantee that the item would still be on sale when she did have the money to purchase new pieces.

Accordingly, the court set the amount of restitution at $19,970 and ordered R.C. and the other minor and their parents jointly and severally liable for this amount. The court granted counsels' request to release the cash seized from the minors and use it to be applied to the restitution amount. Accordingly, the court ordered the minors to pay the remaining $15,970 to Ms. Sadeghi.

*Discussion*

Neither R.C. nor his appointed counsel has identified any issue for our review. Upon our own independent review of the record, we agree none exists. (*People v. Wende, supra,* 25 Cal.3d 436.) The juvenile court found R.C and the other minor liable, and their parents jointly and severally liable, to the victim for $19,970 based on testimony from the victim who had conducted extensive research into the replacement value of the jewelry that R.C. and the other minor took. R.C. offered no testimony or proffered any independent evidence to challenge the victim's educated estimates of replacement value. However, R.C was represented by competent counsel at the hearing, who presented several arguments on his behalf disputing some of the values placed on individual items. Under these circumstances, we believe the juvenile court's order requiring R.C.—jointly and severally with the other minor—to pay $19,970 in restitution to the victim to cover the replacement cost of the jewelry as well as to deter future criminality, was a proper exercise of the court's broad discretion. (Welf. & Inst.Code, § 730.6. See also *In re I.M.* (2005) 125 Cal.App.4th 1195, 1208–1209 ["Penal Code section 1203.1 confers broad power on the courts to impose conditions to foster rehabilitation and to protect public safety. [Citation.] This power includes ordering restitution, if such a condition is reasonably related to the crime of which the defendant was convicted or to future criminality"]; *People v. Foster* (1993) 14 Cal.App.4th 939, 946–947 [a defendant has the opportunity at a hearing to rebut the proposed restitution amount; however, he or she bears the burden of disproving the victim's restitution estimate]; *In re T.C.* (2009) 173 Cal.App.4th 837, 847.)

Thus, having ensured R.C. has received adequate and effective appellate review, we affirm the juvenile court's restitution order.  (*People v. Kelly* (2006) 40 Cal.4th 106, 112–113; *People v. Wende, supra,* 25 Cal.3d 436.)

*Disposition*

The restitution order of February 11, 2013, is affirmed.


_____

ELIA, Acting P. J.


WE CONCUR:




_____

MIHARA, J.




_____

GROVER, J.