Filed 9/24/15  In re J.C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE J.C., a Person Coming Under the Juvenile Court Law. | H041519 (Santa Clara County Super. Ct. No. JV40356) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.C., <br><br> Defendant and Appellant. | |

## I.    INTRODUCTION

In this juvenile delinquency proceeding, the minor, J.C., admitted that he committed battery causing serious bodily injury (Pen. Code, §§ 242-243, subd. (d)) and trespass (Pen. Code, § 602, subd. (m)).  The minor was initially placed on probation with deferred entry of judgment (DEJ) (see Welf. & Inst. Code, § 790 et seq.), but he was subsequently terminated from DEJ and declared a ward of the court.

On appeal, the minor contends that the juvenile court abused its discretion by ordering him to pay $300 in victim restitution for damage to the vehicle in which he was trespassing.  For reasons that we shall explain, we will reverse the restitution order.

## II. BACKGROUND

### A. Trespass Offense

On September 8, 2013, officers responded to a report of a disturbance involving four males in a parking lot. The officers found four males, including the minor, at the location. Two of the males were on bicycles. The minor and another male were seated inside of a Mercedes sport utility vehicle. An LCD panel inside the Mercedes was damaged—it had been "forcibly removed from the vehicle's dashboard," but it was still inside the car. The "data ribbon" of the LCD panel had been cut.

The minor and his companion were both arrested. No weapons or contraband were found on them or on the other two males. Both the minor and his companion said that the LCD panel was already damaged when they got into the Mercedes and that they had been "just hanging out" inside the vehicle.

The registered owner of the Mercedes, Quang Hoang, responded to the scene after being contacted by officers. Hoang owned a business at the location where his vehicle had been parked. He did not know if he had left the vehicle locked or unlocked. He estimated the damage to be $1,500. In a victim impact statement that he subsequently submitted, Hoang indicated he had not repaired the stereo system yet nor submitted an insurance claim. The vehicle was non-operational because its transmission needed repair. He planned to fix the transmission first and then look into replacing the stereo system.

During an interview with the probation officer, the minor reiterated his claim that he and his companion had not damaged Hoang's vehicle. According to the minor, he and his companion had gotten into the vehicle just to smoke marijuana.

### B. Battery Offense

On August 20, 2013, officers responded to a report of a fight at a high school. The minor had punched another student repeatedly, causing the other student to suffer a nasal fracture.

2

### C.    Procedural History

On October 30, 2013, the District Attorney filed a Welfare and Institutions Code section 602 petition alleging that the minor committed felony vandalism on or about September 8, 2013 (count 1; Pen. Code, § 594, subds. (a) & (b)(1)) and battery causing serious bodily injury on or about August 20, 2013 (count 2; Pen. Code, §§ 242-243, subd. (d)).

The petition was later amended to dismiss count 1 (vandalism) and add an allegation that the minor committed trespass on or about September 8, 2013 (count 3; Pen. Code, § 602, subd. (m)).

On December 10, 2013, after the prosecutor dismissed count 1 (vandalism), the minor admitted count 2 (battery) and count 3 (trespass).  On January 14, 2014, the juvenile court found the minor eligible and suitable for DEJ, and the court placed the minor on probation under DEJ.

In a report filed on April 15, 2014, the probation officer reported that the minor had failed to comply with the conditions of DEJ.  The minor had failed to contact the probation officer on a bi-weekly basis, failed to report for chemical testing, and been suspended from school four times.  The minor had been cited for felony vehicle theft (Veh. Code, § 10851), possession of marijuana (Health & Saf. Code, § 11357, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), fighting in public (Pen. Code, § 415, subd. (1)), and possession of Hydrocodone (Health & Saf. Code, § 11350).  On April 15, 2014, the juvenile court terminated the minor from DEJ.

### D.    Restitution Proceedings

In a brief filed prior to the disposition hearing, the minor argued that he should not be required to pay restitution to Hoang because there was no evidence that the damage to the Mercedes was caused by the minor's conduct.  The brief included an investigator's report of an interview with Hoang.  Hoang told the investigator that the Mercedes had been parked in the lot outside his business for about a year.  Hoang had last been inside

3

the vehicle about a week before the minor was found in the vehicle. Hoang's $1,500 damage estimate was based on his experience working on vehicles for a living.

The prosecution submitted a brief arguing that the juvenile court could order restitution as a condition of probation even if the minor's trespass was not the cause of the vehicle damage, because restitution would be a deterrent to future criminality and help rehabilitate the minor.

The juvenile court held a disposition hearing on September 22, 2014, declaring the minor a ward of the court. Regarding restitution, the juvenile court indicated it was "struggling" with the issue. The court noted that it had "broad powers" but that "it seems more likely than not that [the minor] did not damage the car." The court indicated it was uncertain there was "rehabilitative value" of imposing a restitution order on the minor in light of evidence indicating that he was struggling with substance abuse and had an unstable family situation. The court also noted that a restitution order would not serve to make the victim whole if the vehicle was damaged prior to the trespass. The court found that the amount of damage—$1,500—had been proven, however.

The juvenile court then announced its findings, reiterating that it had "broad discretion" and noting that it was not "wholly convinced" that the minor was "without any responsibility," noting that the damage had been discovered after the minor was found inside of the vehicle. The court indicated it did not think that the minor should be ordered to pay "the whole $1,500," however. The court explained it wanted to hold the minor "accountable for being somewhere he shouldn't have been" and for "smoking pot, which is an illegal activity." The court imposed a restitution order of $300, reiterating that the restitution was "a consequence of being somewhere you shouldn't have been, violating [Hoang's] property rights, his ability to feel safe in his own car."

4

At the end of the September 22, 2014 hearing, the juvenile court dismissed probation.[1]

### III.    DISCUSSION

The minor first contends that the restitution order was not authorized by Welfare and Institutions Code section 730.6. Subdivision (a)(1) of that section provides in pertinent part, "It is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs any economic loss as a result of the minor's conduct shall receive restitution directly from that minor."

The minor argues that the evidence did not establish that Hoang's economic loss was "a result" of the minor's trespass—that is, the "conduct for which" he was found to be a person described in Welfare and Institutions Code section 602. (Welf. & Inst. Code, § 730.6, subd. (a)(1); see *In re T.C.* (2009) 173 Cal.App.4th 837, 844 (*T.C.*) [pursuant to Welfare and Institutions Code section 730.6, subdivision (a)(1), restitution may be ordered when "conduct for which the minor is declared a ward of the court under section 602 results in economic loss to the victim"].)

However, the juvenile court did not impose the restitution order pursuant to Welfare and Institutions Code section 730.6, subdivision (a)(1), but rather as a condition of probation. Pursuant to Welfare and Institutions Code 730, subdivision (b), the juvenile court "may make any and all reasonable orders for the conduct of the ward" and it "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."

The juvenile court's discretionary power under Welfare and Institutions Code 730 is "broad." (*In re Tommy A.* (2005) 131 Cal.App.4th 1580, 1587.) " 'The juvenile court

---

[1] A probation report filed in advance of the hearing notified the minor that dismissal of probation would not relieve the minor of the duty to pay restitution.

is vested with discretion to order restitution in a manner that will further the legislative objectives of making the victim whole, rehabilitating the minor, and deterring future delinquent behavior. [Citations.]' [Citation.]" (*Id.* at pp. 1587-1588; see also *People v. Carbajal* (1995) 10 Cal.4th 1114, 1123 (*Carbajal*) [" 'a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality' "], quoting *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

Appellate courts have upheld restitution orders in other cases in which the minor "was not personally or immediately responsible for the victim's loss." (*In re I. M.* (2005) 125 Cal.App.4th 1195, 1210 (*I. M.*).) A restitution order covering the victim's funeral expenses was upheld in *I. M.*, where the victim was shot by a member of the minor's criminal street gang in the minor's presence. The minor was found to be an accessory after the fact to the murder and to have acted with the specific intent to benefit, promote, further, or assist a criminal street gang. The appellate court found that the restitution order served "a rehabilitative purpose by bringing home to the [minor] the consequences of his gang membership," because it compelled the minor to "share responsibility for the gang-related activities in which he in some way participated." (*Ibid.*) The restitution order was also "directly related to [the minor's] future criminality." (*Ibid.*)

A restitution order compensating an auto dealer for the theft of a vehicle was upheld in *T.C., supra,* 173 Cal.App.4th 837, in which the minor admitted possessing the stolen vehicle but not stealing it. The minor had originally been charged with stealing that vehicle, and he had admitted stealing a second vehicle. (*Id.* at p. 841.) The minor had also been the subject of prior juvenile wardship petitions for vehicle theft and related offenses. Because the evidence established the minor's repeated and ongoing involvement in vehicle theft, the appellate court found that the restitution order was "reasonably related to future criminality." (*Id.* at p. 847.)

6

Restitution orders have also been upheld as conditions of probation where the loss was caused by conduct underlying a dismissed or uncharged count, but where the trial court found that the defendant had in fact caused the loss. (See, e.g., *People v. Goulart* (1990) 224 Cal.App.3d 71, 79 [restitution ordered for uncharged thefts where evidence "clearly" showed defendant's responsibility for the thefts]; cf. *Lent, supra,* 15 Cal.3d at p. 487 [restitution ordered for count of which defendant was acquitted based on evidence of his culpability presented at probation hearing].)

In this case, the juvenile court did not find that the minor was responsible for the damage to Hoang's vehicle and, as the Attorney General acknowledges, "the juvenile court was not compensating the victim for the damage to his car."[2] Thus, the restitution order here cannot be upheld based on the reasoning in the cases discussed above. Unlike in *I. M.*, the trial court here did not find that the minor had participated in the crime that caused the victim's loss, nor that his companions had caused the victim's loss. And unlike in *T.C.*, the minor in this case had not committed any prior similar offenses such that the restitution order could be upheld as reasonably related to future criminality.

The juvenile court imposed the restitution order because it wanted to hold the minor "accountable for being somewhere he shouldn't have been" and for "smoking pot, which is an illegal activity." The juvenile court also indicated that the restitution order was intended to compensate Hoang for the minor's violation of Hoang's "property rights, his ability to feel safe in his own car." However, the record does not contain any evidence that Hoang suffered any loss—including any psychological damage—stemming from the minor's trespass into Hoang's vehicle or from the minor's act of smoking

---

[2] As noted above, the juvenile court found it "more likely than not that [the minor] did not damage the car." The record supports this finding. Hoang admitted that the vehicle was not in use at the time of the damage to the LCD panel, that the vehicle had been parked in the same spot for about a year, and that he had not been inside the vehicle for a week. The LCD panel had been "forcibly removed" and the data ribbon had been cut, but neither the minor nor his companion was found with any weapons or contraband.

7

marijuana.  (See *Carbajal, supra,* 10 Cal.4th at p. 1123 [restitution is intended "to make a victim whole"]; cf. *People v. Smith* (2011) 198 Cal.App.4th 415, 431 [in criminal cases, Penal Code section 1202.4 limits restitution orders to the victim's economic damages; non-economic damages are only available in cases where the defendant was convicted of a felony violation of Penal Code section 288].)

On this record, we conclude that the juvenile court erred by imposing the $300 restitution order.

## IV.    DISPOSITION

The September 22, 2014 order imposing a $300 victim restitution award is reversed.  The juvenile court is directed to vacate the restitution order.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:




_____
MIHARA, J.




_____
GROVER, J.




*People v. J.C.*
**H041519**