[No. B031609. Second Dist., Div. Six. May 22, 1989.]

In re TASMAN B., a Person Coming Under the Juvenile Court Law.
CHILD PROTECTIVE SERVICES OF SANTA BARBARA
COUNTY, Plaintiff and Appellant, v.
PATTI B. et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to Rule 976.1 of the California Rules of Court this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

COUNSEL

Kenneth L. Nelson, County Counsel, and Mary Ellen Barilotti, Deputy County Counsel, for Plaintiff and Appellant.

Carla R. McBeath and Linda Krop for Defendants and Appellants.

OPINION

GILBERT, J.— Here we hold that at a disposition hearing in a dependency case the court must admit and consider hearsay evidence contained in a social worker's report.

Tasman B., a minor child, was made a dependent of the court because of evidence that she had been sexually abused while in the custody of her separated parents, Patti B. and David B. (Mother and Father). (§ 300,[1] subds. (a), (d).) At the disposition hearing, the court admitted into evidence the social study prepared by child protective services. A court-ordered psychotherapist's report was incorporated by reference into the social study. The report contained hearsay evidence indicating that Tasman believed her father molested her.

The court refused to consider this report in reaching its decision. It concluded that Tasman had been abused by either of her parents or by a third party while she was in the custody of her parents, and removed her from her parents' custody. Tasman's Father, Mother, and Child Protective Services of Santa Barbara County all appeal.

We [[/]]* reverse and remand for further disposition proceedings. [[/]]*

FACTS

Tasman B. was three years old when her parents separated and filed for dissolution in June 1987. Pending the dissolution the parents had joint legal custody of Tasman B., and she lived with one parent or the other for three or four days each week.

Mother believed Tasman suffered from a vaginal infection, and on July 28, 1987, she brought her daughter to a physician for treatment. The

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.
* See footnote, *ante*, page 927.

physician suspected Tasman had been sexually abused, and reported the matter to the appropriate authorities. Tasman was referred to a doctor at the Children's Medical Clinic in Santa Barbara, who examined her and concluded she had been repeatedly sexually abused.

Tasman was taken into protective custody, and Child Protective Services of Santa Barbara County filed the dependency petition pursuant to section 300 of the Welfare and Institutions Code. Prior to the jurisdiction hearing, the court ordered Lucille Calderon, a licensed marriage, family and child therapy counselor, to evaluate Tasman B. and submit a written report of her findings.

[[/]]* At the conclusion of the jurisdiction hearing, the court found Tasman to be a dependent of the court as defined by section 300.

Prior to the disposition hearing, Father filed [[/]]* a motion to strike portions of the social study. Among other things, he objected to portions of Calderon's report which contained hearsay. In her report, Calderon described Tasman using dolls to show what happened to her, and recounted statements by Tasman to her to the effect that her father had molested her. The social study recommended, inter alia, that physical custody of Tasman be taken away from Father, and that Tasman be placed in the custody, care and supervision of the department of social services and allowed to reside with Mother.

At the disposition hearing, the court heard the testimony of Mother, and of seven friends and neighbors of Father who testified on his behalf. Although Father opposed losing custody of Tasman, all parties—Mother, Father, and the county—agreed with the court that nobody wanted Tasman placed in a foster home. Near the end of the hearing the court said "I don't have any problem with letting the child reside with the mother," and took the matter under submission.

Several weeks later the court filed its written order. The court denied Father's motion [[/]]* to strike Calderon's report from the social study. Nevertheless, the court decided that it would not "accept" Calderon's report or any recommendation in the social study based on that report. The court concluded there was "clear and convincing evidence" that either Mother or Father or any third person could have abused Tasman, and ordered that Tasman be placed in a foster home.

Father contends on appeal [[/]]* that the court erred in denying his motion to strike portions of the social study, and that the evidence was insufficient to sustain the court's disposition order.

---

* See footnote, *ante,* page 927.

Mother and the county both argue that the court abused its discretion in refusing to "accept" Calderon's report and the social study recommendations derived from that report, and abused its discretion in denying Mother physical custody of Tasman.

## DISCUSSION

A dependency hearing conducted under section 300 involves two distinct issues. First, at the jurisdiction hearing, the juvenile court must decide whether the minor comes within one of the categories specified in section 300. The petition filed here alleged that Tasman came within two of these categories: subdivision (a), because she is "in need of proper and effective care or control and has no parent or guardian capable of or actually exercising such care or control in that . . . [t]he minor has been continuously sexually abused by a person or persons unknown while in the care of her parents," and subdivision (d), because her home is an unfit place "by reason of neglect, cruelty, depravity, or physical abuse" by either of her parents or of "her guardian or other person in whose custody or care she is in . . . ." (§ 300, subds. (a), (d).)[2]

If the court finds that the child falls within one of the section 300 categories, it may invoke its jurisdiction to declare the minor a dependent child of the court. (*In re Christina T.* (1986) 184 Cal.App.3d 630, 638 [229 Cal.Rptr. 247].)

At the disposition hearing, the court must decide where the minor will live. The options "may range from supervised custody (§ 362) to removal of the child from the home. (§ 361.) The court's principal concern is a disposition consistent with the best interests of the minor. [Citation.]" (*In re Christina T., supra,* 184 Cal.App.3d at p. 638.)

[[/]]*

. . . . . . . . . . . . . . . . . . . .

In denying the Father's motion to strike portions of the social study, the court found that the code requires the social study be received into evidence. The court correctly justified its ruling by stating that because "a psychological evaluation such as that made by Dr. Calderon and the recom-

---

[2] In 1987 the Legislature substantially amended section 300 and related sections, and added new sections to the Welfare and Institutions Code. (See Stats. 1987, ch. 1485.) The proceedings in this case occurred during 1987, and we apply the law as it then existed.

* See footnote, *ante*, page 927.

mendations of the social worker are integral to such a Social Study, it would be violative of the legislative scheme to grant [the] motion to strike."

The court, nevertheless, refused to consider Calderon's report or the recommendations based on that report because it reasoned that Tasman's molestation "has been conclusively established. The issue of who the molester may have been was not raised by the petition. With regard to disposition, Dr. Calderon in her report concludes that Mr. B.[ ] is the offender and [the social worker] in her report and recommendation assumes that to be the case. The problem is that Dr. Calderon's opinion is based upon the evidence which all parties agree would not have been sufficient to sustain a finding at the jurisdictional hearing. In fact, it would not have been admissible. The Court also notes that apparently Lucille Calderon subjected the minor to yet another inquisition regarding the subject of molestation. Consequently, the Court is not prepared to accept Dr. Calderon's report or any recommendations based upon that report in determining an appropriate disposition. To do so would allow petitioner to accomplish indirectly what it could not do directly, obtain a finding that Mr. B.[ ] is the molester."

[[/]]*

. . . . . . . . . . . . . . . . . . . . .

The court, no doubt, was concerned by Father's objection to inadmissible hearsay contained in Calderon's report. In particular, father objected to descriptions of Tasman engaged in "play therapy" with dolls, and direct statements by Tasman such as "My daddy hurt me" and "He hurt my 'body' with his hand."

The court apparently found itself in a quandary because it noted that sections 358 and 358.1, and California Rules of Court, rule 1376(d), require that the social study be admitted into evidence at the disposition hearing. (§ 281.)

The court need not have been concerned. Hearsay statements in a social study are admissible at a disposition hearing. ■ Under the Evidence Code, hearsay evidence is inadmissible "[e]xcept as provided by law." (Evid. Code, § 1200, subd. (b).) Thus, " '. . . [e]xceptions to the hearsay rule may thus be found in other codes as well as in the Evidence Code.

---

* See footnote, *ante*, page 927.

[Citation.]' " (*In re George G.* (1977) 68 Cal.App.3d 146 155 [137 Cal.Rptr. 201].)[5]

█ Section 358, subdivision (b) provides that in a disposition hearing the court "shall receive in evidence the social study of the minor . . . and such other relevant and material evidence as may be offered." See also California Rules of Court, rule 1376(d) which requires that prior to a disposition hearing, the social worker "shall prepare a social study of the minor, which shall contain those matters relevant to a proper disposition of the case and a recommendation for the disposition of the case." California Rules of Court, rule 1376(d) requires that the court "receive in evidence the social study of the minor . . . any study or evaluation prepared by a child advocate appointed by the court, and other relevant and material evidence offered by the petitioner, the minor, or the parent or guardian."

Relevant hearsay evidence is therefore admissible at the disposition hearing. It is also admissible at the jurisdiction hearing.

The Court of Appeal in *In re Donald R.* (1987) 195 Cal.App.3d 703 [240 Cal.Rptr. 821] analyzed sections 281 and 355, and California Rules of Court, rule 1365(d), which authorize the admission into evidence of a social study containing relevant and material information at a jurisdiction hearing, and concluded that they create an exception to the hearsay rule under the Evidence Code section 1200, subdivision (b). (*Id.* at p. 712.) Ordinarily inadmissible hearsay evidence may be admitted at the jurisdiction hearing " 'because of the necessity of providing the court with a coherent picture of the child's situation' (*In re Rose G.* (1976) 57 Cal.App.3d 406, 426 . . . ." (*In re Donald R., supra,* 195 Cal.App.3d at p. 715; see also *In re Jose M.* (1988) 206 Cal.App.3d 1098, 1104-1105 [254 Cal.Rptr. 364]; but see *In re Cheryl H., supra,* 153 Cal.App.3d at p. 1115.)

Section 355, however, requires that a jurisdictional finding be supported by "proof by a preponderance of evidence, legally admissible in the trial of civil cases . . . ." The *Donald R.* court responds to this requirement by allowing the admission of hearsay evidence in a jurisdiction hearing, but limiting its use in deciding dependency. "Consequently, unless hearsay in a social study falls within an exception to the hearsay rule, the juvenile court must disregard it, and focus exclusively upon admissible evidence, in deter-

---

[5] Even if hearsay were not admissible at the disposition hearing, Tasman's statements are admissible because they show her state of mind. This is relevant in determining the desirability of permitting her Father custody or visitation. (*In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1128-1132 [200 Cal.Rptr. 789].)

mining whether dependency has been proved by a preponderance of the evidence." (*In re Donald R., supra,* 195 Cal.App.3d at p. 715).[6]

The trial judge here apparently used the *Donald R.* approach. But, the caveat within section 355 does not appear in section 358 regarding evidence at the disposition hearing. If, as suggested by *Donald R.,* the Legislature intended to restrict the type of evidence which can be relied upon in determining jurisdiction, it did not intend to impose a restriction at the disposition hearing. Hearsay evidence admitted at the disposition hearing must also be considered by the trial court in reaching its decision.

Mother and the county argue that this scheme is analogous to the different standards for admissibility of evidence at the guilt phase and penalty phase of a criminal proceeding. Such an analysis is useful if one adopts the *Donald R.* approach. Hearsay and other evidence excluded from the guilt phase "may nevertheless be received as bearing on the punishment to be imposed. [Citation.]" (*People* v. *Peterson* (1973) 9 Cal.3d 717, 725 [108 Cal.Rptr. 835, 511 P.2d 1187].) Similarly, hearsay evidence should be considered at the disposition hearing because the fundamental dependency decision has already been made.

The trial court was also concerned that Calderon had concluded that Father is the offender and that this opinion was based upon inadmissible hearsay evidence.

Although Father correctly asserts that Calderon may not offer an expert opinion on who molested Tasman (*In re Cheryl H., supra,* 153 Cal.App.3d at pp. 1118-1126), no such opinion was offered here. (Compare *In re Cheryl H., supra,* at pages 1110, 1118, where the expert witness testified that, in her opinion, the minor's father was the perpetrator.)

Calderon's report does not reach a conclusion that Tasman's Father molested her, but it does support a conclusion that she believes that her Father abused her. Such evidence is relevant and material at the disposition hearing because it can help and guide the court in fashioning an appropriate order in the best interest of the dependent child, i.e., whether the child should be removed from the home of one or the other or both of the parents, placed in a foster home, what access to the child or visitation

---

[6]The recent case *In re Jose M., supra,* 206 Cal.App.3d at pages 1104-1106, requires no such limitation. It reasons that "[i]f the juvenile court was not allowed to consider a complete social study report, it would not have 'a coherent picture of the child's situation' [citation] and would be severely limited in its ability to protect the child." (*Id.,* at p. 1105.) This split in authority concerning the use of hearsay evidence at the jurisdiction hearing does not affect our holding that such evidence is admissible at the disposition hearing.

should be allowed, the terms of such access, etc. (*In re Christina T., supra,* 184 Cal.App.3d at p. 640.)

The court also apparently rejected Calderon's report because Calderon had "subjected the minor to yet another inquisition regarding the subject of molestation." It was Calderon whom the court appointed to examine Tasman and submit a written report. We must not reject a therapist's report which contains vital information necessary to a just disposition of the case because an examination of the victim by the therapist may be painful and unpleasant.

It is true that the weight to be attributed to the social study and the other evidence introduced at a dependency hearing lies within the province of the trier of fact. (*In re Amos L.* (1981) 124 Cal.App.3d 1031, 1038-1039 [177 Cal.Rptr. 783].) Here, however, the trial court reached its decision without weighing the evidence that Tasman believes her father molested her.

■ At the disposition hearing, the minor may not be taken from the physical custody of a parent unless the court finds by clear and convincing evidence that, inter alia, there is a substantial danger to the physical health of the minor if the minor is returned home, or that the minor has been sexually abused by a parent, guardian or other member of the household, and there are no reasonable means to protect the minor at home or the minor does not want to return home. (§ 361.) Where there are two parents with separate homes, a minor who is removed from the home of the unfit parent shall be placed with the other parent if that parent desires custody, unless the court finds that placement with that parent would be detrimental to the minor. (§ 361.2.)

■ The court removed Tasman from the custody of both her parents because it found clear and convincing evidence that "either parent or any person provided access by either parent could have been the molester."

Yet there is no evidence whatsoever that Tasman's Mother molested her, or that Tasman believes anyone but her Father molested her. Furthermore, the county expressly concurred with the recommendation in the social study that Tasman be placed in the custody of her mother. The county did not attempt to show that Mother molested Tasman or negligently provided access to the molester, and it is undisputed that Mother, not Father, sought medical treatment for Tasman's vaginal symptoms.

The social study must include written recommendations for the disposition of the case, which the court is required to read and consider. (§§ 281, 358; Cal. Rules of Court, rule 1376(b).) To strike that recommendation

from the social study, as Father urges, would violate the basic legislative scheme.

Under these circumstances we find that the trial court abused its discretion in refusing to consider Calderon's report and in denying Mother custody of Tasman.

[[/]]*

. . . . . . . . . . . . . . . . . . . . . . . .

The matter is remanded for further disposition proceedings in accordance with this opinion.

The judgment is reversed.

Stone (S. J.), P. J., and Abbe, J., concurred.

On June 21, 1989, the opinion was modified to read as printed above. The petition of defendants and appellants for review by the Supreme Court was denied August 10, 1989.

---

*See footnote, *ante*, page 927.