[No. C055068. Third Dist. Apr. 23, 2008.]

In re VINCENT G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
VINCENT G., Defendant and Appellant.

**COUNSEL**

Han N. Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMS, Acting P. J.**—The Yolo County Juvenile Court found that minor Vincent G. was within the provisions of Welfare and Institutions Code[1] section 602 in that he possessed marijuana for sale. (Health & Saf. Code, § 11359.) He was adjudged a ward of the court and committed to the care and custody of his mother. Following a contested hearing, the court imposed gang-related conditions of probation (gang conditions).[2]

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] These were: "Probation/Wardship Conditions For Gang Identified Minors: [¶] 1. You are not to associate with any known gang member. [¶] 2. You are not to possess, wear or display any clothing or insignias, emblems, badges, or buttons which are evidence of affiliation with or membership in a gang or display any gang signs or gestures, nor be at areas known to be frequented by gang members. [¶] 3. You are not to appear in or about any court unless you are a party to a proceeding or you have been subpoenaed to appear at a hearing. [¶] 4. You are not to be within one hundred (100) yards of the juvenile hall unless you are in custody in the hall or attending your own court hearing in juvenile court. [¶] 5. You are not to be within one

On appeal, the minor contends the gang conditions are (1) not supported by sufficient evidence, (2) unconstitutionally vague and overbroad, and (3) unreasonable. We conclude hearsay evidence was properly admitted at the dispositional phase of this juvenile delinquency case. We conclude further that certain conditions of the minor's probation must be modified to include the element of his personal knowledge.

## FACTS

The facts of the marijuana offense are not at issue and need not be set forth in this opinion. The facts supporting the gang conditions will be set forth in the Discussion.

## DISCUSSION

### I

The minor contends the gang conditions are not supported by competent evidence because the only evidence offered was inadmissible hearsay to which he duly but unsuccessfully objected. We do not agree with the minor.

### *Background*

A contested dispositional hearing was held on the propriety of imposing gang conditions on the minor. The sole evidence presented by the People was the testimony of the probation officer, Jamie Rodriguez, who relayed statements that had been made to him by another probation officer, Charles Bell, who had been stationed at the school that the minor had been attending. According to Rodriguez, Bell told him that the minor had been coming to school wearing red clothing, even after being told that he could not wear red at school. Bell further told Rodriguez that the minor had been wearing a belt buckle with the letter "N," a known symbol of the Norteño street gang. The minor objected to the admission of this evidence as hearsay but the court

---

hundred (100) yards of any school that you are not currently enrolled in and attending unless as part of the YCCP or other educational/athletic [*sic*]. [¶] 6. You shall not be in any privately owned vehicle with more than one person who is under the age of eighteen (18) unless you are accompanied by a parent or guardian or you have the permission of the Probation Officer. You are not to be the occupant of any vehicle that you know, or that you reasonably should know has been stolen. [¶] 7. You are not to own, possess, transport or sell any firearms, firearm replica, ammunition or other weapon or be involved in activities with, associate with nor remain in the presence of any person who has firearms, firearm replicas or other weapons in their possession or under their control."

overruled the objection, in essence finding that the statements were reliable and therefore admissible at a dispositional hearing. Thereafter, the minor testified for the defense and denied wearing gang-related clothing. Based on this evidence, the court imposed the gang conditions, stating that the evidence was "pretty thin, but it's enough . . . [¶] . . . [¶] . . . so I am going to impose the gang conditions."

*Analysis*

In juvenile *dependency* cases it is settled that hearsay evidence, which would be inadmissible at a jurisdiction hearing, may nevertheless be considered at a dispositional hearing.

"Under section 355, applicable to jurisdictional hearings, the dependency finding must be based upon '[legally admissible evidence that is relevant to the circumstances or acts that are alleged to bring the minor within the jurisdiction of the juvenile court].' Thus, a social study is admissible at a jurisdictional hearing only if the preparer is made available for cross-examination. [Citations.] Section 355 permits a social study and attached reports to be admitted where only the preparer of the report itself testified, and not the authors of the attached reports. (*In re Malinda S.* (1990) 51 Cal.3d 368 [272 Cal.Rptr. 787, 795 P.2d 1244].) *In re Malinda S.* focused on section 355 which pertains specifically to jurisdictional hearings. We have been cited to no judicial interpretation of section 358, subdivision (b), applicable to dispositional hearings, a provision which does not contain the limiting language of section 355. Section 358, subdivision (b) states in part, without qualification, 'the court shall receive in evidence the social study of the [child made by the social worker], any study or evaluation made by a child advocate appointed by the court, and . . . other relevant and material evidence as may be offered.' [¶] Where statutory language is clear, there is no room for interpretation. [Citation.] The statutes clearly indicate legislative intent to treat the two phases of dependency proceedings differently. Under section 355, more stringent evidentiary requirements must be met at the jurisdictional hearing where the court initially intervenes and obtains jurisdiction over the child. At the subsequent dispositional phase, any relevant evidence including hearsay shall be admitted pursuant to section 358, subdivision (b) to help the court determine the child's best interests. Considering the express statutory language of sections 355 and 358, subdivision (b), and the California Supreme Court's broad interpretation of section 355 in *In re Malinda S.*, we see no reason to construe section 358, subdivision (b) to require the preparer to testify as a prerequisite to admitting the report." (*In re Corey A.* (1991) 227

Cal.App.3d 339, 346–347 [277 Cal.Rptr. 782], fn. omitted; see Stats. 2003, ch. 812, § 1; *In re Tasman B.* (1989) 210 Cal.App.3d 927, 933 [258 Cal.Rptr. 716].)

■ The statutes governing juvenile *delinquency* cases are closely analogous. "[S]ection 701 governs the conduct of *jurisdictional* hearings. That statute provides in relevant part: 'The admission and exclusion of evidence shall be pursuant to the rules of evidence established by the Evidence Code and by judicial decision.' [Citations.] [¶] There is no correlative statute making the Evidence Code generally applicable to a dispositional hearing. Rather, . . . section 706 provides: 'After finding that a minor is a person described in Section 601 or 602, the court shall hear evidence on the question of the proper disposition to be made of the minor. *The court shall receive in evidence the social study of the minor made by the probation officer and* [*any*] *other relevant and material evidence* [*that*] *may be offered,* [including any written or oral statement offered by the victim, the parent or guardian of the victim if the victim is a minor, or if the victim has died or is incapacitated, the victim's next of kin, as authorized by subdivision (b) of section 656.2. In] any judgment and order of disposition, [the court] shall state [that] the social study made by the probation officer has been read and considered by the court.' [Citation.]" (*In re Romeo C.* (1995) 33 Cal.App.4th 1838, 1842–1843 [40 Cal.Rptr.2d 85], fn. omitted; see Stats. 1995, ch. 234, § 2, p. 835.)

Given this parallelism between the statutory schemes governing dependency and delinquency cases, we conclude the reasoning of *In re Corey A., supra,* 227 Cal.App.3d at pages 346–347, applies to the dispositional phase of this delinquency case.[3] Thus, the minor's hearsay objection was properly overruled. As he makes no other challenge to the sufficiency of the evidence, we conclude it was sufficient to support the imposition of the gang conditions.

II

■ The minor contends gang conditions 1 and 2 are unconstitutionally vague and overbroad because they lack an explicit requirement of personal knowledge. The Attorney General responds that, as he reads the conditions, they "contain an implicit knowledge requirement" and need not be modified. The minor has the better argument.

---

[3] Neither party has cited or discussed sections 701 and 706.

The gang conditions provide in relevant part:

"1. You are not to associate with any known gang member.

"2. You are not to possess, wear or display any clothing or insignias, emblems, badges, or buttons which are evidence of affiliation with or membership in a gang or display any gang signs or gestures, nor be at areas known to be frequented by gang members." (See fn. 2, *ante.*)

■ "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 [55 Cal.Rptr.3d 716, 153 P.3d 282].) The vagueness issue may be raised for the first time on appeal. (*Id.* at p. 889.)

■ In *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090 [60 Cal.Rptr.2d 277, 929 P.2d 596] (*Acuna*), the court acknowledged that a "prohibition against associating with 'any other known [gang] member' might apply to a circumstance in which a defendant was engaged in one of the prohibited activities with someone known to the police but *not known to him* to be a gang member," and that in such a case, "the City would have to establish a defendant's *own knowledge* of his associate's gang membership to meet its burden of proving conduct in violation of the injunction." (*Id.* at p. 1117; see *People v. Lopez* (1998) 66 Cal.App.4th 615, 627 [78 Cal.Rptr.2d 66]; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102–103 [23 Cal.Rptr.2d 340].)

*Acuna* applies to juvenile wardship conditions. (*In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [113 Cal.Rptr.2d 466]; see *In re Sheena K., supra,* 40 Cal.4th at p. 890.) Its reasoning applies equally to association with fellow gang members and to possession of gang clothing and other materials. We shall modify gang conditions 1 and 2 accordingly.

The minor claims gang conditions 1 and 2 are unconstitutionally vague because "the word 'gang' . . . is, on its face, uncertain in meaning." (*People v. Lopez, supra,* 66 Cal.App.4th at p. 631.) The court in *Lopez* solved this vagueness problem by incorporating the definition of gangs set forth in Penal Code section 186.22.[4] (*Lopez,* at pp. 631–634.)

The Attorney General responds that this approach "could be underinclusive and not sufficiently broad enough to further the rehabilitative purposes of juvenile probation." However, he does not distinguish *Justin S.,* which concluded that the Penal Code definition of "gang" was "fairly implied" in a probation condition that the minor not " 'associate with any gang members and anyone disapproved of by parent(s)/P.O.' " (*In re Justin S., supra,* 93 Cal.App.4th at pp. 813, 816, fn. 3.)

In any event, the only "gang" activity shown on this record is the minor's involvement with the Norteño gang, the same gang that was at issue in *Lopez.* (*People v. Lopez, supra,* 66 Cal.App.4th at p. 622.) There is no suggestion that the Norteño gang is somehow beyond the reach of the penal statute. We shall modify the gang conditions accordingly.

### III

The minor contends gang condition 6 fails the *Lent* reasonableness test.[5] The minor has forfeited this fact-based contention by failing to raise it in the juvenile court. (*In re Justin S., supra,* 93 Cal.App.4th at p. 814, cited with approval in *In re Sheena K., supra,* 40 Cal.4th at p. 883, fn. 4.)

In any event, the contention has no merit. Gang condition 6 states in relevant part: "You shall not be in any privately owned vehicle with more than one person who is under the age of eighteen (18) unless you are accompanied by a parent or guardian or you have the permission of the Probation Officer."[6]

---

[4] Penal Code section 186.22, subdivision (f), provides:

"As used in this chapter, 'criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity."

[5] *People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].

[6] Gang condition 6 also stated: "You are not to be the occupant of any vehicle that you know, or that you reasonably should know has been stolen." The minor eschews any challenge to this portion of the condition.

■ "[A] condition of probation which requires or forbids conduct which is not in itself criminal, and is for that reason most vulnerable to challenge, is nonetheless valid if the conduct required or forbidden either (a) has a relationship to the crime of which the offender was convicted, or (b) is reasonably related to future criminality." (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942 [260 Cal.Rptr. 62], citing *People v. Lent, supra,* 15 Cal.3d at p. 486.)

Although gang condition 6 has no relationship to the marijuana offense that occurred in a school classroom, it is reasonably related to future gang-related criminality. Privately owned vehicles offer a mobile and relatively private environment in which gang activity can flourish and evade detection. As the Attorney General notes, it is well documented that gang activity often involves minors in vehicles confronting or even shooting at rival gang members. Condition 6 is not unreasonable under the *Lent* test. (*People v. Lent, supra,* 15 Cal.3d at p. 486; *People v. Bauer, supra,* 211 Cal.App.3d at p. 942.)

Moreover, contrary to the minor's contention, gang condition 6 does not prevent him from "carpooling to school or to school functions with other students even if the driver was a parent or guardian of another student." The written prohibition applies "unless *you* are accompanied by *a* parent or guardian"; it does not require that "*you*" be accompanied by *your* parent or guardian, as opposed to the parent or guardian of a classmate.[7] (Both italics added.) The presence of the classmate's parent would serve the evident purpose of the patently ambiguous condition. No probation violation would result.

## DISPOSITION

The gang conditions are modified as follows: "1. You are not to associate with any person whom you know, or whom the probation officer informs you, is a gang member. For purposes of these conditions, the word gang means a criminal street gang as defined in Penal Code section 186.22, subdivisions (e) and (f). 2. You are not to possess, wear or display any clothing or insignias, emblems, badges, or buttons that you know, or that the probation officer informs you, are evidence of affiliation with or membership in a gang; nor display any signs or gestures that you know, or that the probation officer

---

[7] At the hearing, the prosecutor summarized the condition as prohibiting the minor from "being in vehicles with people under 18 unless your parents are present." The prosecutor had no occasion to, and did not, address the hypothetical put forth by the minor on appeal.

informs you, are gang gestures; nor be at areas that you know, or that the probation officer informs you, are frequented by gang members."

As so modified, the judgment is affirmed.

Davis, J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 23, 2008, S163958. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.