Filed 12/3/24 P. v. B.H. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>B.H.,<br><br>    Defendant and Appellant. | B327852<br><br>(Los Angeles County<br>Super. Ct. No. PJ54156) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Susan Ser, Judge. Affirmed.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## INTRODUCTION

Minor B.H. appeals from juvenile court jurisdictional findings and a dispositional order sustaining a petition filed under Welfare and Institutions Code section 602.[1]  B.H.'s appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) asking us to independently review the record. We affirm.

## BACKGROUND

On November 15, 2022, a petition was filed under section 602[2] alleging that B.H. committed a lewd act upon a child under age 14.  (Pen. Code, § 288, subd. (a).)  The petition alleged that B.H. was 13 when the incident occurred.

At the March 7, 2023, adjudication hearing, the court accepted into evidence two video recordings of police officers' interviews with B.H., the transcripts of those interviews, and a *Gladys R.*[3] questionnaire.  B.H. later moved to exclude the statements and the *Gladys R.* questionnaire on the basis that the

---

[1]     All further undesignated statutory references are to the Welfare and Institutions Code.

[2]     Section 602, subdivision (a) provides that "any minor who is between 12 years of age and 17 years of age, inclusive, when he or she violates any law of this state . . . is within the jurisdiction of the juvenile court, which may adjudge the minor to be a ward of the court."

[3]     In *In re Gladys R.* (1970) 1 Cal.3d 855, 862 (*Gladys R.*), our Supreme Court held that "in order to become a ward of the court under [section 602], clear proof must show that a child under the age of 14 years at the time of committing the act appreciated its wrongfulness."  The *Gladys R.* questionnaire recorded B.H.'s responses to police officers' questions relating to this issue.

officers did not properly inform B.H. of his Fifth Amendment rights as required under *Miranda v. Arizona* (1966) 384 U.S. 436. The trial court excluded the statements and the *Gladys R.* questionnaire.

B.H. also moved to transfer the case to a different judge that had not heard the excluded statements. The court denied the motion, explaining that the court frequently must ignore evidence introduced and later excluded.

During the adjudication hearing, B.H.'s cousin, Emily A., testified that she was hosting a birthday party at her home on the day of the incident. Emily's minor child A.E. was under two years old at the time and was nonverbal. Emily was in her bedroom changing A.E.'s outfit. Emily saw some guests arrive and went outside to greet them, leaving A.E. in the bedroom watching television. B.H. was sitting on a couch in a different room. When Emily returned to the bedroom about three minutes later, she discovered B.H. "holding [A.E.'s] diaper to the side with his face in between her private parts . . . licking her . . . ." When Emily asked B.H. what he was doing, B.H. claimed that he was helping A.E. change her diaper and that A.E. "said she had something stuck and she had asked him for help." Emily had recently changed A.E.'s diaper, and she had never seen B.H. change a diaper.

B.H.'s mother, Maria H., testified that she tried to teach B.H. the difference between right and wrong, including by punishing him for misbehavior and praising him for doing "something right."

B.H. moved to dismiss the petition pursuant to section 701.1.[4]  He argued that the evidence did not establish beyond a reasonable doubt that he committed the act "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [himself] or the [victim]."  (Pen. Code, § 288, subd. (a).)  The juvenile court rejected this argument.  The court explained that it found Emily's testimony credible.  It further found that B.H.'s explanation to Emily—that A.E. asked B.H. for help with her diaper—was "unbelievable" because A.E. was nonverbal.  The court concluded that B.H.'s act of licking A.E.'s private parts was not a "misunderstanding where he was possibly showing some sort of affection toward the infant," but rather showed that B.H. "committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself."

B.H. also argued that there was insufficient evidence that he knew his conduct was wrongful, as required under *Gladys R.*, *supra*, 1 Cal.3d at page 862.  The trial court concluded this requirement was met, citing (1) Maria's testimony that she had attempted to teach B.H. the difference between right and wrong and (2) Emily's testimony that B.H. falsely claimed nonverbal A.E. asked for help with her diaper, which suggested that B.H. "knew what he did was wrong" and reflected "consciousness of guilt."

---

[4]      Section 701.1 provides that the juvenile court, "on motion of the minor or on its own motion, shall order that the petition be dismissed and that the minor be discharged from any detention or restriction therefore ordered . . . if the court, upon weighing the evidence then before it, finds that the minor is not a person described by Section 601 or 602."

The juvenile court therefore found the allegation in count 1—that B.H. committed a lewd act upon a child under age 14 (Pen. Code, § 288, subd. (a))—true beyond a reasonable doubt. In turn, it found true that B.H. was a person described by section 602, sustained the petition, and denied B.H.'s section 701.1 motion.

At the disposition hearing on March 17, 2023, the juvenile court declared B.H. a ward of the court. It ordered B.H. home on probation under certain terms and conditions and ordered a maximum term of confinement of six years. The court also entered a three-year restraining order against B.H. requiring him to not contact and to stay at least 100 yards away from A.E. The court ordered that the protective order be sealed and that it terminate when the juvenile court's jurisdiction is terminated.

B.H. timely appealed. Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *Wende*, *supra*, 25 Cal.3d 436. We directed appellant's counsel to send B.H. the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, B.H. could submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments he wished this court to consider. We have not received a response.

## DISCUSSION

The juvenile court excluded the *Gladys R.* questionnaire, which reflected B.H.'s statements to police officers regarding his understanding of the wrongfulness of his conduct. (*Gladys R.*, *supra*, 1 Cal.3d at p. 862.) However, the juvenile court determined that the undisputed testimony of Maria and Emily independently established that B.H. appreciated that his actions

5

were wrong.  Thus, even without the *Gladys R.* questionnaire, viewing "the entire record in the light most favorable to the judgment . . . substantial evidence supports the charge, so that a reasonable trier of fact could find guilt beyond a reasonable doubt."  (*In re M.V.* (2014) 225 Cal.App.4th 1495, 1518.)

Emily's testimony described B.H.'s out of court statements and may have included inadmissible hearsay.  (*In re Vincent G.* (2008) 162 Cal.App.4th 238, 243.)  However, the People offered these statements, in conjunction with Emily's testimony contradicting B.H.'s assertions, to show that B.H.'s explanation of the incident was false.  "A statement is not hearsay when offered to show the statement is false."  (*People v. Ogg* (2013) 219 Cal.App.4th 173, 184.)  Moreover, even if Emily's testimony had included hearsay, B.H. lodged no objection, and therefore he forfeited any appellate claim that such evidence was improperly admitted.  (*People v. Stevens* (2015) 62 Cal.4th 325, 333.)

We have examined the entire record, and are satisfied that appellate counsel has fully complied with her responsibilities and that no arguable issues exist in the appeal before us.  (*Wende, supra*, 25 Cal.3d at p. 443.)

6

## DISPOSITION

The juvenile court's dispositional order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BERSHON, J.*

We concur:

EGERTON, Acting P. J.

ADAMS, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7