Filed 1/12/26  In re K.D. CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| In re K.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>K.D.,<br><br>    Defendant and Appellant. | G064413<br><br>(Super. Ct. No. 24DL0154)<br><br>O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Vibhav Mittal, Judge. Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent

\*        \*        \*

After being declared a ward of the juvenile court, K.D. (Minor) was committed to a juvenile hall facility and thereafter released to his parents' custody pursuant to certain probation conditions. Among other things, the juvenile court imposed gang-related probation conditions.

On appeal, Minor contends the court erred by imposing the gang-related probation conditions. For the reasons *infra*, the court did not abuse its discretion. We accordingly affirm the court's orders.

FACTS

I.

THE INCIDENT

On January 27, 2024, around midnight, N.L. was riding his bicycle to work and saw Minor standing on the sidewalk. Minor ran to N.L., flashed a firearm in his waistband, and yelled in Spanish. Minor also grabbed the handlebars on N.L.'s bicycle. To try to scare Minor away, N.L. asked, "'Hey, want to fuck?'" Minor responded, "'Whoa, what?'" N.L. then started to ride away from Minor. As he was riding away, Minor chased after him, and N.L. heard "a big loud thud," which he believed was a gunshot sound. N.L. then got off of his bicycle, but Minor was no longer there. N.L. noticed his bicycle wheel was flat and waited for Minor to come back.

N.L. saw Minor approach a few minutes later and yell in Spanish about his dog. N.L. called the police, and Minor ran away when the police arrived. N.L. chased after Minor. After Minor was arrested, he told the police that N.L. had disrespected him and he could not allow it. Minor denied using any firearm, and the police did not find a firearm in the surrounding area. But the police did find a shell casing and N.L.'s bicycle, which had a flat rear tire.

## II.

### THE UNDERLYING ACTION

The People filed an amended juvenile wardship petition under Welfare and Institutions Code section 602 alleging Minor committed one count of attempted murder (Pen. Code, §§ 187, subd. (a), 664; count 1)[1], one count of assault with a firearm (§ 245, subd. (a)(2); count 2), and one count of discharging a firearm with gross negligence (§ 246.3, subd. (a); count 3). Regarding counts 1 and 2, it was alleged that Minor personally discharged a firearm under section 12022.53, subdivision (c).

The court subsequently granted, in part, Minor's Welfare and Institutions Code section 701.1 motion to dismiss and dismissed count 1 along with the corresponding enhancement.

At the jurisdiction hearing, the court found the allegations of counts 2 and 3 along with the enhancement as to count 2 to be true beyond a reasonable doubt. At a disposition hearing, the court declared Minor to be a ward of the juvenile court and committed him to a juvenile hall facility for 630 days, with credit for days previously served and the final 90 days to be served on an Accountability Commitment Program. The court also amended the petition to apply the correct enhancement under section 12022.5, subdivision (a).

The court further ordered that Minor would be released to his parents' custody pursuant to certain probation conditions after his commitment. Among other things, the court imposed the following probation conditions: (1) "Do not associate with any person you know to be a member of the Bishop Street gang . . . [and] do not associate with anyone who the

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

3

probation officer informs is a member of that gang[ ]"; (2) "Do not be in any area you know, or that probation officer informs, is a gang gathering area of the Bishop Street gang[ ]"; (3) "Do not be in the area of Bishop Street, Santa Ana, CA 92701, unless approved by your probation officer[ ]"; and (4) "Do not wear, display, use, or possess any graffiti, insignia, emblem, button, badge, cap, hat, scarf, bandana, footwear, jewelry, or any other article of clothing, or clothing accessories that you know or reasonably should know is evidence of affiliation with or membership in the Bishop Street criminal street gang . . . or affiliation with any negative subculture."

In imposing these conditions, the court noted it saw "ample evidence [in the probation report] of [Minor's] involvement with Bishop Street." It also stated: "[T]he Court doesn't see any really colorable basis for the Court not to conclude that he's not a member of the gang. I think it's clear to the Court that he is or had been until he came into custody. And the Court sees some of the reasons why he became affiliated with them, but the Court wants him to remove himself and that's one of the goals of probation in terms of rehabilitation."

Minor timely appealed.

DISCUSSION

Minor argues the court erred by imposing the gang-related probation conditions. He claims those conditions are unreasonable under *People v. Lent* (1975) 15 Cal.3d 481, superseded by statute on another ground as stated in *People v. Moran* (2016) 1 Cal.4th 398, 403, fn. 6 because they are unrelated to his underlying offense and not reasonably related to future criminality. To the contrary, the court did not err by imposing the challenged conditions because they forbade conduct reasonably related to Minor's future criminality.

4

When a juvenile court places a minor on probation, "the court may make any and all reasonable orders for the conduct of the [minor], including conditions of probation that shall meet all of the following requirements: [¶] (1) The conditions are individually tailored, developmentally appropriate, and reasonable. [¶] (2) The burden imposed by the conditions shall be proportional to the legitimate interests served by the conditions. [¶] (3) The conditions are determined by the court to be fitting and proper to the end that justice may be done and the reformation and rehabilitation of the [minor] enhanced." (Welf. & Inst. Code, § 730, subd. (b).)

We review a juvenile court's imposition of probation conditions for an abuse of discretion. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.) A juvenile court has "'wide discretion'" to impose appropriate conditions. (*Ibid.*) A probation condition is not invalid "unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.'" (*People v. Lent*, *supra*, 15 Cal.3d at p. 486.) This test "'is conjunctive — all three prongs must be satisfied before a reviewing court will invalidate a probation term.'" (*In re Ricardo P.*, at p. 1118.)

Here, the court did not abuse its discretion by imposing gang-related probation conditions because they forbade conduct reasonably related to future criminality. The probation report, which the trial court relied on, detailed Minor's connection to the Bishop Street gang. The report noted Bishop Street claimed the area where the underlying crime was committed, and officers opined Minor tried to "'hit up'" N.L. for the benefit of Bishop Street. As to prior incidents, the report explained Minor was involved in a school fight where he had yelled, "'Fuck Broccolis, Bishop Street Gang.'" Minor and his two accomplices were Bishop Street members. The report further

5

noted Minor had two prior cases dismissed. In both matters, Minor was associating with other gang members and was in proximity to a firearm. When Minor was previously admitted into juvenile hall, he admitted he was a member of Bishop Street. Finally, Minor's father believed Minor was associating with Bishop Street gang members.

Given the above facts, the gang-related probation conditions are not invalid. Indeed, courts routinely allow gang-related probation conditions where evidence connects the juvenile defendant with a gang. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 626 [upholding gang-related probation condition where the underlying crime was not gang-related but the defendant had gang ties].) Such a condition of probation may be reasonably related to preventing future unlawful conduct. (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1501, disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2.)

*In re Edward B.* (2017) 10 Cal.App.5th 1228, which Minor cites, is inapposite. In that case, the court held a gang-related probation condition was invalid because it lacked a "reasonable factual nexus" to the minor's offense or future criminality. (*Id.* at p. 1236.) The juvenile court imposed a probation condition forbidding the minor from knowing association with gang members. (*Id.* at p. 1232.) But the record contained no evidence of "gang affiliation or association with gang members or risk of gang involvement." (*Id.* at p. 1236.)

Unlike the record in *In re Edward B.*, *supra*, 10 Cal.App.5th 1228, the record in the instant case establishes a reasonable factual nexus between the gang-related probation conditions and Minor's future criminality. As noted *ante*, there was evidence Minor associated with known gang members, admitted to being a member of Bishop Street, and committed the underlying offense in Bishop Street territory.

Minor suggests the probation report could not justify the gang-related probation conditions because the report contained unverified hearsay statements. Not so. "[C]ourts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) And hearsay is not categorically inadmissible at a juvenile disposition hearing. (*In re Vincent G.* (2008) 162 Cal.App.4th 238, 243–244.) The probation report here did not merely speculate about possible gang affiliation. It recounted prior incidents where Minor was in the company of gang members and attributed to Minor an admission of gang membership. It does not appear Minor denied making the admission or presented evidence contradicting the assertions in the report. Under these circumstances, the court acted within its discretion by relying on the probation report to impose the challenged conditions.

DISPOSITION

The orders are affirmed.

SANCHEZ, ACTING P. J.

WE CONCUR:

DELANEY, J.

SCOTT, J.